DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dall Lavern Miller ("Dall"), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied his motion for relief from judgment. We affirm.
 I {¶ 2} Dall and Linda Rose Miller ("Linda") were married in Akron, Ohio in 1977. On September 13, 2002, Dall and Linda entered into a separation agreement, which was signed by each party and four witnesses. On September 17, 2002, Linda filed a complaint for divorce. The same day, Dall filed an acknowledgment of service of summons and waiver of answer and appearance, stating that he "consents to this matter being heard as an [sic.] divorce on the grounds of incompatibility, to the incorporation and adoption of the Separation Agreement that the parties entered into on or about [September 13, 2002], and accordingly waives answer and appearance."
 {¶ 3} On September 17, 2002, the court issued and filed a mutual restraining order and case management plan, which stated that "[i]f Defendant does not file an answer, the case will be heard at an uncontested divorce final hearing[.]" Additionally, on September 18, 2002, the court issued and filed an order for an uncontested divorce hearing, to be held on October 31, 2002, and this order was also entered in the official docket of the trial court. The hearing was held as scheduled, pursuant to which the court issued a judgment entry divorce decree that incorporated the separation agreement. Dall did not attend this hearing.
 {¶ 4} On June 5, 2003, approximately seven months after the divorce decree was entered, Dall filed a motion for relief from judgment pursuant to Civ.R. 60(B), along with a self-serving affidavit. On September 12, 2003, the court denied Dall's motion for relief from judgment. It is from this judgment denying his motion for relief from judgment that Dall now appeals.
 {¶ 5} Dall timely appealed, asserting two assignments of error for review. As both the assignments of error involve similar questions of law and fact, we address them together.
 II First Assignment of Error
"The trial court's [SIC.] erred when it denied appellant's motion for release from judgment under Ohio Civil Rule 60(b).
Appellant met the requirements for relief from judgment and filed the motion within the prescribed time limit."
 Second Assignment of Error
"The trial court's [sic.] erred when it denied appellant a hearing on appellant's motion for release from judgment underOhio Civil Rule 60(b). Appellant met the requirements for relief from judgment and filed the motion within the prescribed time limit. at a minimum, this required a hearing to determine the merit of the appellant's claim."
 {¶ 6} In his first assignment of error, Dall contends that the trial court erred when it denied his motion for relief from judgment, claiming that he met the requirements for a grant of such a motion. In his second assignment of error, Dall contends that the trial court erred when it denied his motion for relief from judgment without holding a hearing. We disagree.
 {¶ 7} When reviewing a trial court's decision on a Civ.R. 60(B) motion for relief from judgment, this Court may not overturn the trial court unless it abused its discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc.
(1993), 90 Ohio App.3d 546, 552.
 {¶ 8} To prevail on a Civ.R. 60(B) motion, a party must meet three requirements:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." (Emphasis added.) GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
All three requirements must be met for the motion to be granted. Rose Chevrolet, Inc., 36 Ohio St.3d at 20.
 {¶ 9} Additionally, a party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. See Gaines Stern Co., L.P.A. v.Schwarzwald, Robiner, Wolf Rock, Co., L.P.A. (1990),70 Ohio App.3d 643, 646.
"If * * * the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing." (Citations omitted.) Id.
The party requesting relief from judgment bears the burden of asserting operative facts that demonstrate that she or she has a meritorious defense that justifies relief from judgment. Hagamanv. Hagaman (Mar. 29, 1995), 9th Dist. No. 16861, citing Adomeitv. Baltimore (1974), 39 Ohio App.2d 97, 102. All operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing. See Salem v. Salem
(1988), 61 Ohio App.3d 243, 245.
 {¶ 10} We have previously defined "operative facts" as facts, that if proven, would give rise to a meritorious defense.Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr.,Inc. (1989), 63 Ohio App.3d 413, 418. "[I]f a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief because that party has failed to meet its burden of asserting facts entitling the party to relief."Hagaman, supra, citing Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 53. Furthermore, a party seeking relief from judgment cannot present "`mere general allegations[.]'" Hagaman, supra, citing Society Natl. Bank, 63 Ohio App.3d at 418.
 {¶ 11} In the instant case, Dall supported his motion for relief from judgment with the following reasons:
"The basis for said Motion lies in the fact that the Defendant, by inadvertence, neglect, fraud, misrepresentation, or misconduct of an adverse party, failed to timely file his answer to Plaintiff's Complaint.
"The Court should relieve this party from this final judgment due to the fact that it is grossly inequitable and a tremendous injustice to the Defendant as all assets of this marriage including substantial premarital property that would be considered a non-marital asset was awarded to the Plaintiff. Notice of the final hearing of the uncontested divorce was never received by the Defendant as he never appeared at the final hearing."
Dall argued in his motion that the opposing party's actions caused his failure to file a timely answer, and that he did not receive notice of the divorce hearing. As noted before, Dall specifically waived filing an answer and making an appearance, in writing. Furthermore, the trial court had issued a divorce hearing order and a case management plan, which specified the hearing date; the hearing date was journalized and docketed into the court's system, on these two separate occasions. An entry of a trial date on a court's docket constitutes reasonable, constructive notice. Ohio Valley Radiology Assocs., Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 124; Didado v.Didado, 9th Dist. No. 20832, 2002-Ohio-1972 (applying this rule to a party's notice of a hearing date). Consequently, we find that Dall had reasonable, constructive notice of the divorce hearing date.
 {¶ 12} Furthermore, a party is not entitled to relief from judgment "when its failure to appear in court was attributable to its own lack of diligence in keeping abreast of the progress of the case." Jeter v. Gosden Contr. Co., Inc. (Oct. 29, 1997), 9th Dist. No. 18352. See, also, Stow v. Kemppel (Oct. 3, 1990), 9th Dist. No. 14593. Thus, Dall's arguments regarding failure to file a timely answer and the lack of notice of the hearing lack merit. Accordingly, we find that the trial court did not abuse its discretion in denying Dall's motion upon these grounds.
 {¶ 13} Dall also argued in his motion that the separation agreement is "grossly inequitable and a tremendous injustice." Dall further asserted in his affidavit that "while [he] was addicted to, and under the influence of, drugs and alcohol [Linda] induced [him] to sign over separate and marital assets of significant value to her with false promises to care for and all of my future needs." On appeal, Dall argues that his motion should have been heard and granted (1) pursuant to Civ.R. 60(B)(1) because he was unrepresented by counsel when signing the separation agreement, and alleging that he was misinformed by Linda and induced by her to enter into the separation agreement; (2) pursuant to Civ.R. 60(B)(3), alleging that due to Linda's fraud, misrepresentation, misconduct, duress, and undue influence, he was induced into entering into the separation agreement, and further that because of these allegations the separation agreement itself is unconscionable; and (3) pursuant to Civ.R. 60(B)(5), that his motion for relief from judgment should be granted in the interest of justice because of the purported unconscionability of the separation agreement.
 {¶ 14} We observe that Dall did not raise the argument, that he was unrepresented by counsel when he entered into the separation agreement, before the trial court, and, as such, this issue is raised for the first time on appeal. "Issues not raised and tried in the trial court cannot be raise for the first time on appeal." Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157. Dall's failure to raise this issue before the trial court operates as a waiver of his right to assert it for the first time on appeal. Hypabyssal, Ltd. v. Akron Hous.Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, citing Stateex rel. Zollner v. Indus. Comm. (1993), 66 Ohio St.3d 276, 278. Therefore, we decline to address this issue.
 {¶ 15} Upon a thorough review of the record, we conclude that Dall did not present to the trial court, either in his motion or in his self-serving affidavit, sufficient operative facts to establish a meritorious defense to the enforceability of the separation agreement, to warrant relief under Civ.R. 60(B). Dall's assertion in support of his allegations, that Linda induced him to sign over certain separate and marital assets while he was under the influence of drugs and alcohol, even if corroborated and true, is insufficient to establish a meritorious defense to the enforceability of the separation agreement, and does not constitute sufficient operative facts to warrant relief under Civ.R. 60(B). Such an assertion rises only to the level of a mere general allegation that these events occurred. SeeHagaman, supra, (stating that "[w]hile a party is certainly permitted to allege fraud, misconduct, or other grounds justifying relief under Civ.R. 60(B), [the appellant's] blanket assertion that such conduct occurred rose only to the level of a `mere general allegation' that such conduct did occur"). Dall's assertion, that he was under the influence of drugs and alcohol, amounted to a request that the trial court make the assumption
that Dall had consumed sufficient amounts of these substances, in order to draw the inference that Dall lacked the mental capacity to contract. See Hagaman, supra. Furthermore, we note that Dall made these allegations over seven months after the issuance of the divorce decree.
 {¶ 16} In addition, we find that Dall did not set forth sufficient facts, which, if proven true, would indicate that he did not sign the agreement voluntarily and through his own free will. Specifically, Dall did not present facts that lead to the conclusion that he lacked the capacity to contract, that his mind was so affected "as to destroy [his] ability to understand the nature of the act in which he [wa]s engaged, its scope and effect or its nature and consequences." Kaltenbach v. Kaltenbach (Aug. 11, 1987), 4th Dist. No. 1313 and Davis v. Marshall (Aug. 9, 1994), 10th Dist. No. 94APE02-158, citing In re Moser (C.P. 1969), 19 Ohio Misc. 81, 94.
 {¶ 17} Although he does not specifically argue unconscionability of the separation agreement in his motion, Dall asserted in his affidavit that Linda advised him that she had changed her mind regarding the divorce, and that she had made false promises to him. He also asserted in his motion that the agreement was inequitable. As we have previously stated, Civ.R. 60(B) does not relieve a litigant from the consequences of his or her voluntary, deliberate choice to enter into a separation agreement. Abramovich v. Abramovich (June 23, 1999), 9th Dist. No. 19154, quoting Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraphs one and two of the syllabus. Thus, we find that Dall did not meet his burden to prevail on his motion for relief from judgment. See GTE Automatic Elec., Inc., 47 Ohio St.2d 146 at paragraph two of the syllabus. Because of our previous determinations, we need not address Dall's argument that he timely filed his motion. See Rose Chevrolet, Inc.,36 Ohio St.3d at 20.
 {¶ 18} In light of the foregoing, we conclude that the trial court's decision to deny Dall's motion for relief from the divorce decree judgment, without a hearing on the motion, was not arbitrary, unreasonable, or unconscionable. See Gaines SternCo., L.P.A., 70 Ohio App.3d at 646. See, also, Blakemore,5 Ohio St.3d at 219. Therefore, we find that the trial court did not abuse its discretion when it denied Dall's motion for relief from judgment.
 {¶ 19} Accordingly, Dall's first and second assignments of error are overruled.
 III {¶ 20} Dall's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
Whitmore, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J. Baird, J., Concur.