DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Theodore Altfeld and Ronald Billings, appeal the judgment of the Lorain County Court of Common Pleas, denying their motions for relief from cognovit judgments. We affirm.
 {¶ 2} On December 3, 2004, Appellee, Cook Family Investments, filed a Complaint on a Promissory Cognovit Note against Billings for his failure to adhere to the terms of the Promissory Cognovit Note. Appellee also filed the same motion against Altfeld on December 3, 2004. Both complaints assert that, on July 9, 2002, Appellee executed and delivered to Appellants a Cognovit Promissory Note ("Note") in the amount of $225,000, plus seven percent interest per year. According to the complaints, the terms of the note required Appellants to pay the accrued annual interest on July 9, 2003, and every anniversary date subsequent to that date until the balance was paid in full. Any outstanding balance was to be paid in one lump sum no later than the fifth anniversary of the Note. Appellants had failed to make any payments on the Note at the time of the filing of the complaints.
 {¶ 3} An answer confessing judgment was filed on December 3, 2004, on behalf of Billings, through a warrant of attorney. The same answer confessing judgment was also filed on December 3, 2004, on behalf of Altfeld, through warrant of attorney. The trial court entered its judgment in favor of Appellee, and against both Appellants, in separate journal entries on that same day.
 {¶ 4} On January 20, 2005, Appellants simultaneously moved to vacate the judgment pursuant to Civ.R. 60(B) and asserted that the Note was invalid and unenforceable for lack of consideration. Each motion contained an accompanying Memorandum in Support, asserting lack of consideration as a meritorious defense, and separate affidavits from Billings and Altfeld, stating only that each of them had not received consideration for the Note.
 {¶ 5} The trial court held a hearing on Altfeld's Motion for Relief on March 24, 2005. Altfeld did not testify and no evidence was submitted for the trial court's consideration. At the conclusion of the hearing, the trial court denied Altfeld's motion for relief from judgment.
 {¶ 6} This consolidated appeal followed. Appellants assert two assignments of error for our review. For ease of discussion, we will consider both assignments of error together.
 ASSIGNMENT OF ERROR I
"The trial court erred in the case of Cook Family Investmentsv. Ronald C. Billings, when it denied Appellant's motion for relief from judgment without a hearing, where Appellant sought relief from a cognovit judgment entered upon a warrant of an attorney and Appellant's motion asserted a valid defense to the judgment; to wit: lack of consideration."
 ASSIGNMENT OF ERROR II
"The trial court erred in the case of Cook Family Investmentsv. Theodore C. Altfeld, when it denied Appellant's motion for relief from judgment, where Appellant sought relief from a cognovit judgment entered upon a warrant of an attorney, and Appellant asserted a valid defense to the judgment; to wit: lack of consideration."
 {¶ 7} In the first assignment of error, Billings asserts that the trial court erred when it denied his motion for relief from judgment without first holding a hearing and because lack of consideration was a meritorious defense. As Altfeld had a hearing on his motion on March 24, 2005, the second assignment of error solely asserts the trial court erred in denying Altfeld's motion for relief from judgment because he claims he put forth a meritorious defense of lack of consideration. We overrule both assignments of error.
 {¶ 8} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 10} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that:
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 11} However, the movant has a lesser burden in the instance where a party wishes to vacate a cognovit judgment. "The existence of a valid defense to all or part of a claim constitutes a ground for relief from a cognovit judgment entered by confession upon warrant of an attorney without prior notice to the defendant." Davidson v. Hayes (August 1, 1990), 9th Dist. No. 89CA004699, at 5, citing Matson v. Marks (1972),32 Ohio App.2d 319, 323. This Court has previously stated in First MeritBank, N.A. v. Todd Leasing, Inc. (April 18, 2001), 9th Dist. No. 20279, at 3, quoting Meyers v. McGuire (1992),80 Ohio App.3d 644, 646:
"Where the relief from judgment sought is on a cognovit note, `[t]he prevailing view is that relief from a judgment taken upon a cognovit note, without prior notice, is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application.'"
Thus, Billings asserted in his assignment of error that the trial court should not have denied his motion for relief from judgment because he had presented a meritorious defense. However, we find this argument to be without merit.
 {¶ 12} We first address the issue of whether or not the trial court abused its discretion in denying Billings' motion for relief from judgment without holding a hearing. The Ohio Supreme Court has held that a trial court should hold a hearing on a movant's motion for relief from judgment where the movant has alleged operative facts warranting relief under Civ.R. 60(B).Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 19. The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, paragraph two of the syllabus.
"If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing." Id., at paragraph four of the syllabus.
Before the trial court must schedule a hearing on a motion for relief from judgment, "the movant must do more than make bare allegations that he or she is entitled to relief." Kay,76 Ohio St.3d at 20, citing Rose Chevrolet, 36 Ohio St.3d at 20.
 {¶ 13} We previously addressed this issue in Miller v.Miller, 9th Dist. No. 21770, 2004-Ohio-1989. This Court concluded that a party is not automatically entitled to an evidentiary hearing merely because a motion for relief from judgment has been filed. Id. at ¶ 9, citing Gaines Stern Co.,L.P.A. v. Schwarzwald, Robiner, Wolf Rock, Co., L.P.A. (1990),70 Ohio App.3d 643, 646. Furthermore, we stated in Miller:
"If * * * the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing." (Citations omitted.) Id.
All operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing. SeeSalem v. Salem (1988), 61 Ohio App.3d 243, 245. We have previously defined "operative facts" as facts that, if proven, would give rise to a meritorious defense. Society Natl. Bank v.Val Halla Athletic Club Recreation Ctr., Inc. (1989),63 Ohio App.3d 413, 418. Additionally,
"[I]f a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief because that party has failed to meet its burden of asserting facts entitling the party to relief." Hagaman v. Hagaman (Mar. 29, 1995), 9th Dist. No. 16861, at 3-4 citing Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 53.
Furthermore, a party seeking relief from judgment cannot present "`mere general allegations[.]'" Hagaman, supra, quotingSociety Natl. Bank, 63 Ohio App.3d at 418.
 {¶ 14} In Cook Family Investments v. Billings, Billings filed a Motion, Memorandum in Support, an affidavit, and a Supplemental Brief in Support. However, he did not provide a statement of facts or allege anything further than the Note was void because he did not receive consideration. This Court is unable to find any operative facts in any of these documents that would support his claim that there was a lack of consideration. As we dictated in Hagaman, Billings cannot present "mere general allegations," which is all that is contained in his Motion, Memorandum in Support and Supplemental Brief. Billings does not set forth any statements about his business relationship with Appellee, nor does he provide any details regarding the circumstances surrounding the execution of the Note. The trial court, therefore, had no operative facts to consider when evaluating the merit of Billings' defense of lack of consideration. We overrule the first assignment of error.
 {¶ 15} Turning to the second assignment of error concerning Altfeld's defense of lack of consideration, we also find this argument to be lacking in merit. Altfeld presented the same Motion, Memorandum in Support and Supplemental Brief as Billings submitted. No new arguments or operative facts were raised in any of these documents. However, the trial court scheduled a hearing on Altfeld's motion.
 {¶ 16} At the hearing, the trial court asked for an explanation about how Altfeld came to sign the Note with the confession of judgment. Altfeld did not testify, but his counsel explained that both Appellants were in partnership with the trustee of the Cook Family Trust, Mr. Bob Cook. Mr. Cook was also a shareholder in some of the business entities that Appellants participated in. Appellants and Mr. Cook had talked about certain business activities taking place among their joint entities, however, Mr. Cook passed away unexpectedly prior any of these business arrangements taking place. The promissory notes had been prepared prior to Mr. Cook's death, and even after his death, both Appellants were instructed to sign the notes. Altfeld's counsel stated, "They did that in good faith; however, they didn't receive the consideration that had been expected with regard to these investments," and went on to explain that the consideration "was to be some investments in other corporate entities, and some arrangements in other corporate entities, that would benefit both [Appellants]." Altfeld's counsel informed the trial court that no written agreements were drafted as to any of the business arrangements between Appellants and Cook, as all agreements were made orally. None of this information was found in any of Altfeld's sworn documents before the trial court. This Court emphasizes that Appellants' alleged lack of consideration argument is somewhat misguided. The parties asserted that there was a lack of consideration when they entered into the contract, but Appellants' arguments before the trial court reflected their dissatisfaction on not getting the benefit of their bargain.
 {¶ 17} In his appellate brief and at the hearing, Altfeld argued that Marcinko v. Lyon (April 12, 1995), 9th Dist. No. 16866, was applicable to the instant case. Altfeld argued thatMarcinko held that it is not for the trial court to determine the credibility of witnesses or weigh the evidence, but determine that there is simply a meritorious defense to be presented. As lack of consideration was previously considered a meritorious defense by this Court in Marcinko, Altfeld's motion for relief from judgment should therefore be granted. The trial court distinguished the facts of the Marcinko case from Altfeld's case when it stated that the defendants in Marcinko had supported their 60(B) motion with additional evidence of an overall written business agreement, in addition to the cognovit note and their individual affidavits. Altfeld had failed to establish such evidence.
 {¶ 18} Here, both Appellants offered only a general claim that they lacked consideration for the Note. The only evidence presented to the trial court was their affidavits, differentiated only by their individual names and signatures, which stated, "I have never received any consideration, monetary or otherwise, in exchanged for said Note[.]" This Court stated in Marcinko, "In order to present a meritorious defense, a defendant must `introduce credible evidence from which reasonable minds might reach different conclusions upon the issue involved.'" Id., at 5 quoting Matson v. Marks (1972), 32 Ohio App.2d 319, at 327. Appellants must provide enough operative facts to constitute the meritorious defense and must allege those operative facts with enough specificity to allow the trial court to decide whether the movant has met his burden. Syphard v. Vrable,141 Ohio App.3d 460, 463, 2001-Ohio-3229. We cannot find that their repeated claim of lack of consideration is anything more than a bare allegation, unsupported by any other evidence.
 {¶ 19} In their appellate brief, in Altfeld's assignment of error, Appellants pointed out that the trial court erred during the hearing when it stated, "[Y]ou not only have to give me something that would suggest that it's a meritorious claim, but the likelihood that you would prevail." We agree that this statement was incorrect. Although a moving party is not required to prove that he will ultimately prevail if relief is granted, the party requesting relief from judgment bears the burden of asserting operative facts that demonstrate that he or she has a meritorious defense that justifies relief from judgment.Hagaman, at 3 citing Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 102. Nonetheless, an appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial. Reynolds v. Budzik
(1999), 134 Ohio App.3d 844, at fn 3, citing Newcomb v. Dredge
(1957), 105 Ohio App. 417, 424; State v. Payton (1997),124 Ohio App.3d 552, 557. "It has long been the law in Ohio that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof.'" Budzik, at fn. 3 quoting Agricultural Ins. Co. v. Constantine (1944),144 Ohio St. 275, 284.
 {¶ 20} We are unable to find that the trial court committed an abuse of discretion when it denied both Appellants' motions, as its decisions were not unreasonable, arbitrary or unconscionable. Appellants failed to meet their burden of asserting operative facts with a meritorious defense, failed to provide credible evidence to which reasonable minds may differ and provided nothing more than general allegations.
 {¶ 21} We overrule Appellants' two assignments of error, and affirm the decision of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur.