OPINION
{¶ 1} Defendant, Willie A. Terrell, Jr., appeals from an order denyinghis Civ. R. 60(B) motion for relief from summary judgment for Plaintiff,Cavalry Portfolio Services, L.L.C.
 {¶ 2} Terrell incurred credit card debt in excess of $50,000 withMBNA. In 2004, MBNA assigned the debt to eCast *Page 2 Settlement Corporation, which then assigned the debt to Cavalry.
 {¶ 3} On August 3, 2005, Cavalry commenced the underlying actionagainst Terrell seeking $53,371.05, plus costs, pre-judgment interest,and post-judgment interest. Cavalry served Terrell with requests foradmission, interrogatories, and requests for production of documents.Terrell did not respond to Cavalry's discovery requests. On December 19,2005, Terrell filed an answer to Cavalry's complaint.
 {¶ 4} On December 30, 2005, Cavalry moved for summary judgment basedon Terrell's failure to answer Cavalry's requests for admissions.Terrell did not respond to Cavalry's motion. The trial court grantedCavalry's motion for summary judgment.
 {¶ 5} On February 2, 2006, Terrell moved the trial court to reconsiderits decision granting summary judgment and requested a hearing on hismotion. The trial court treated Terrell's motion as a motion for relieffrom judgment pursuant to Civ. R. 60(B).
 {¶ 6} In his motion, Terrell stated that he had requested a copy ofthe debt from Cavalry but had not received one. Terrell failed topresent any evidence in support of his motion, and did not explain whyhe was entitled to relief or a *Page 3 hearing under Civ. R. 60(B). On February 28, 2006, the trial courtoverruled Terrell's motion. Terrell filed a timely notice ofappeal.
 {¶ 7} On April 19, 2006, Terrell filed a motion to stay execution ofthe judgment. The trial court overruled the motion on June 6, 2006.Terrell filed a timely notice of appeal from the trial court's decision.Terrell's two appeals were consolidated on October 3, 2006.
ASSIGNMENT OF ERROR {¶ 8} Terrell failed to state an assignment of error in his brief, asrequired by App. R. 16(A)(3). Reviewing his brief, it appears thatTerrell believes that the trial court erred by not holding anevidentiary hearing before ruling on his Rule 60(B) motion. Further,Terrell argues that counsel for Cavalry made several mistakes by notproviding information requested by Terrell, and by not acknowledgingthat Terrell had entered into a settlement agreement with MBNA.
 {¶ 9} Civ. R. 60(B) provides that "the court may relieve a party orhis legal representative from a final judgment, order or proceeding forthe following reasons: (1) mistake, inadvertence, surprise or excusableneglect; (2) newly discovered evidence which by due diligence could nothave been discovered in time to move for a new trial under Rule59(B); *Page 4 (3) fraud (whether heretofore denominated intrinsic or extrinsic),misrepresentation or other misconduct of an adverse party; (4) thejudgment has been satisfied, released or discharged, or a prior judgmentupon which it is based has been reversed or otherwise vacated, or it isno longer equitable that the judgment should have prospectiveapplication; or (5) any other reason justifying relief from thejudgment."
 {¶ 10} The standard of review of a trial court's decision on a Civ. R.60(B) motion is an abuse of discretion standard. Tidwell v.Quaglieri, Greene App. No. 06-CA-0036, 2007-Ohio-569, _21. "The term`abuse of discretion' connotes more than an error of law or judgment; itimplies that the court's attitude is unreasonable, arbitrary orunconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219(citations omitted).
 {¶ 11} Terrell has failed to demonstrate that he is entitled to reliefunder one of the grounds stated in Civ. R. 60(B)(1)-(5). Terrell arguesthat counsel for Cavalry made mistakes by not providing informationrequested by Terrell and not acknowledging that Terrell had entered intoa settlement agreement with MBNA. We note that Terrell did not file anydiscovery requests in this matter and did not ask the trial *Page 5 court to order Cavalry to provide any information. Consequently, we donot find that Terrell is entitled to Rule 60(B) relief for Cavalry'salleged failure to provide information.
 {¶ 12} Further, Terrell is not entitled to Rule 60(B) relief due toCavalry's alleged failure to acknowledge the existence of a settlementagreement between Terrell and MBNA. There is no evidence in the recordsupporting the existence of such an agreement.
 {¶ 13} Terrell references two letters, which he attached to hisappellate brief as Exhibits D and E. One of the letters is from arepresentative of MBNA and the other is from counsel for Cavalry. Bothletters discuss settlement terms relating to the credit card debt. Butneither letter was made a part of the record before the trialcourt.
 {¶ 14} Terrell had ample opportunity to present these letters to thetrial court in opposition to Cavalry's motion for summary judgment or insupport of his Civ. R. 60(B) motion. He failed to do so. "A reviewingcourt cannot add matter to the record before it, which was not a part ofthe trial court's proceedings, and then decide the appeal on the basisof the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402,377 N.E.2d 500, paragraph one of the syllabus. We *Page 6 note that if a valid, settlement agreement existed between Terrell andMBNA or Terrell and Cavalry, Terrell may be able to seek further reliefby commencing an action against the party with which he settled.
 {¶ 15} Finally, Terrell argues that the trial court erred by failingto hold a hearing on his 60(B) motion. The mere filing of a motion forrelief from judgment under Civ. R. 60(B) does not automatically entitlethe movant to a hearing on the motion. Scotland Foods, Inc. v.Bryan (Oct. 25, 1995), Clark App. No. 95-CA-2, citing Admoeit v.Baltimore (1974), 39 Ohio App.2d 97, 103, 316 N.E.2d 469. The movant hasthe burden of demonstrating in the motion that he is entitled to anevidentiary hearing. Id. "Before the trial court must schedule a hearingon a motion for relief from judgment, `the movant must do more than makebare allegations that he or she is entitled to relief.'" Cook FamilyInvestments v. Billings, Lorain App. Nos. 05CA008689, 05CA008691,2006-Ohio-764,12 (citations omitted).
 {¶ 16} In his 60(B) motion, Terrell failed to explain why he wasentitled to relief under Civ. R. 60(B) or why he needed a hearing.Therefore, on this record, we cannot find that the trial court erred innot holding a hearing on Terrell's Civ. R. 60(B) motion. *Page 7 
 {¶ 17} The assignment of error is overruled. The judgment of the trialcourt will be affirmed.
 BROGAN, J. and FAIN, J., concur.
 Copies mailed to:
 Cliff G. Linn, Esq.
 Willie A. Terrell, Jr.
 Hon. Gregory F. Singer *Page 1