[Cite as *State v. Riddell*, 2012-Ohio-1262.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 11CA009987 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAWRENCE R. RIDDELL | OBERLIN MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 92CRB01055 |

DECISION AND JOURNAL ENTRY

Dated: March 26, 2012

MOORE, Judge.

{¶1}    Appellant, Lawrence Riddell, appeals from the judgment of the Oberlin Municipal Court.  This Court affirms.

I.

{¶2}    In 1993, Lawrence Riddell was convicted of assault in the Oberlin Municipal Court.  In 2000, Riddell was convicted of domestic violence in the Elyria Municipal Court.  However, in 2010, upon Riddell's request and with the agreement of the prosecutor and victim, the Elyria Municipal Court amended the domestic violence charge to a minor misdemeanor disorderly conduct charge.[1] Thereafter, Riddell moved the Oberlin Municipal Court to seal the record of his 1993 assault conviction.

---

[1] We offer no opinion on the propriety of this amendment, as that matter is not currently before us.

{¶3}    After a hearing, the Oberlin Municipal Court denied Riddell's request, finding that Riddell had been convicted of domestic violence subsequent to his 1993 assault conviction, which removed him from the statutory categorization of a first offender. Consequently, the Oberlin Municipal Court determined that Riddell was ineligible to have the court seal his conviction for assault.

{¶4}    Riddell timely filed a notice of appeal and presents one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING
THAT []RIDDELL WAS NOT AN ELIGIBLE FIRST OFFENDER.

{¶5}    In his sole assignment of error, Riddell argues that the trial court erred by determining that Riddell did not qualify as a first offender due to his domestic violence conviction in 2000, which was amended to a minor misdemeanor disorderly conduct conviction in 2010. We disagree.

{¶6}    The trial court's determination of an applicant's "first offender" status is a matter of law, which we review de novo. *State v. Cuttiford*, 9th Dist. No. 97CA006724, 1998 WL 78695, *2 (Feb. 11, 1998). R.C. 2953.32(A)(1) provides,

> Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶7}    A "first offender" is defined in R.C. 2953.31(A) as "anyone who has been convicted of an offense in this state or any other jurisdiction and *who previously or subsequently*

*has not been convicted* of the same or a different offense in this state or any other jurisdiction."

(Emphasis added.) However, R.C. 2953.31(A) specifically excludes minor misdemeanors from

constituting previous or subsequent convictions.

{¶8} R.C. 2953.32(C)(1) sets forth the factors that the court must utilize in determining

whether to grant an application to seal records,

The court shall do each of the following:

(a) Determine whether the applicant is a first offender * * *.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is a first offender who applies pursuant to division (A)(1) of
this section, determine whether the applicant has been rehabilitated to the
satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this
section, consider the reasons against granting the application specified by the
prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the
applicant's conviction sealed against the legitimate needs, if any, of the
government to maintain those records.

{¶9} Here, the Oberlin Municipal Court determined that Riddell was not a "first

offender" as to his 1993 assault conviction because he suffered a subsequent domestic violence

conviction in the Elyria Municipal Court in 2000. However, Riddell argues that, because his

domestic violence conviction was amended in 2010 to a minor misdemeanor disorderly conduct

conviction, this conviction was excluded from consideration as a subsequent conviction. Thus,

when Riddell applied to expunge his 1993 assault conviction, he had no subsequent convictions

within the meaning of R.C. 2953.31.

{¶10} No one disputes that Riddell was convicted of domestic violence. Domestic

violence is not excluded from categorization as a subsequent offense under R.C. 2953.31(A).

The Oberlin Municipal Court questioned the propriety of the after-the-fact amendment of the

domestic violence conviction. It ultimately determined that Riddell was not a first offender. We agree that the domestic violence conviction precluded Riddell from eligibility to expunge his 1993 conviction, as he was not a first offender at the time of his application. We reach this result based upon the plain language of the relevant statutes and thus affirm the decision of the trial court on these grounds. *See* R.C. 2953.32(A)(1) and R.C. 2953.31(A); *see also Cook Family Invests. v. Billings*, 2006-Ohio-764, ¶ 19 ("appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial"). Without regard to the purported amendment by the Elyria Municipal Court, Riddell had been convicted of a prior offense in 2000. This fact removed him from the definition of first offender, and he was ineligible for sealing under R.C. 2953.31(A).

{¶11} Accordingly, Riddell's sole assignment of error is overruled.

### III.

{¶12} Riddell's assignment of error is overruled. The judgment of the Oberlin Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Oberlin Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, P. J.
DISSENTS.


APPEARANCES:

PAUL R. ST. MARIE, Attorney at Law, for Appellant.

FRANK S. CARLSON, Attorney at Law, for Appellee.