[Cite as *Urban v. Folan*, 2021-Ohio-3452.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOHN URBAN, Administrator of the Estate
of Thomas A. Collin

    Appellee

    v.

JOEANNA ELAINE FOLAN, et al.

    Defendant

    and

PENNYMAC LOAN SERVICES, LLC

    Appellant

C.A. No.     29826


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2019 CV 00057

DECISION AND JOURNAL ENTRY

Dated: September 30, 2021

---

SUTTON, Judge.

{¶1} Defendant-Appellant, PennyMac Loan Services, LLC ("PennyMac"), appeals the judgment of the Summit County Court of Common Pleas, Probate Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background**

{¶2} The present appeal arises from the private sale of real property owned by decedent, Thomas A. Collin, at 9281 North Bedford Road, Macedonia, Ohio. John Urban, as Administrator of Mr. Collin's estate, filed a complaint for authority to sell the real property, and listed the value of the real property as $100,000.00. The court appointed appraiser also valued

the real property at $100,000.00. Further, Top Elite Financial, Inc., the holder of the mortgage on the real property, was served with a copy of the complaint for authority to sell the real property. Subsequent to Mr. Urban filing the complaint, Top Elite Financial, Inc., through Mortgage Electronic Registration Systems, Inc., assigned the mortgage to PennyMac.

{¶3} PennyMac filed a foreclosure action on the real property in the Summit County Court of Common Pleas, General Division, and also moved to intervene as a party in the civil land sale pending in probate court. PennyMac's motion to intervene was granted and it filed an answer to the complaint for authority to sell the real property, as well as an amended foreclosure complaint naming Mr. Urban, in his capacity as administrator of Mr. Collin's estate, as a defendant. In response, Mr. Urban filed a motion to dismiss the foreclosure action, which was granted.

{¶4} Mr. Urban then filed, in the probate court, a motion to accept the inventory appraisal and an application for an order of private sale for the real property. The probate court issued a judgment entry granting the private sale which accepted the appraisal value of $100,000.00 for the real property. After the sale of the real property, Mr. Urban filed form CV.15, indicating the real property sold for $105,000.00[1] on December 23, 2019. The record reveals Mr. Urban did not serve PennyMac with copies of: (1) the motion to accept the inventory appraisal; (2) the application for an order of private sale for the real property; or (3) form CV.15 indicating the real property had sold. Further, the record does not show PennyMac was served with the probate court's December 20, 2019 judgment entry granting the private sale and accepting the appraised value of $100,000.00 for the real property.

---

[1] Although the real property actually sold for $115,000.00, in accordance with the closing documents, form CV.15 incorrectly indicates it sold for $105,000.00.

{¶5}   On January 22, 2020, PennyMac received net proceeds from the sale of the real property in the amount of $91,166.23, below the amount of $126,139.60, which was due and owing on the mortgage at that time.

**Motion to Vacate**

{¶6}   Pursuant to Civ.R. 60(B)(1) and (5), PennyMac filed a motion to vacate the December 20, 2019 judgment entry granting the private sale and the December 31, 2019 judgment entry confirming the sale and ordering the deed and distribution of the proceeds of the sale due to a lack of service and notice.   In support of its Civ.R. 60(B) motion, PennyMac attached: (1) the affidavit of Attorney Glenn Algie, PennyMac's counsel; (2) the affidavit of Johnny Morton, Foreclosure Operations Specialist for PennyMac; (3) PennyMac's broker's price opinion ("BPO") dated January 27, 2020; and (4) payoff demand statements for the mortgage on the property.   The BPO, which specifically indicates, "[t]his is a BPO market analysis.   This is not an appraisal [,]" valued the "probable sale price" of the real property at $155,000.00.

{¶7}   Mr. Urban, in response to PennyMac's Civ.R. 60(B) motion, filed a brief in opposition which included, among other things, the affidavit of Armand Rossi, a realtor with ERA Lentz Associates, Inc.   In his affidavit, Mr. Rossi averred he is the realtor who represented Mr. Urban in the sale of Mr. Collin's real property at 9281 North Bedford Road.   In selling the real property, Mr. Rossi looked at five comparable properties with average values of $86,307.00.   Mr. Rossi also indicated Summit County had assessed the value of the real property at $86,490.00.   Further, Mr. Rossi averred the real property was appraised at $100,000.00, by the real estate appraiser appointed by the probate court, and the City of Macedonia had found a total of six violations relating to the real property.   Lastly, Mr. Rossi averred, based upon forty-eight years as a realtor, the purchase price of $115,000.00, was "good and acceptable."

**The Judgment Entry**

**{¶8}** ln its August 3, 2020 judgment entry, the probate court found: (1) PennyMac's Civ.R. 60(B) motion was timely filed; and (2) PennyMac demonstrated it was entitled to relief pursuant to Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect." In so doing, the probate court reasoned, "[c]learly, PennyMac's failure to object to [Mr. Urban's] [motion and application regarding the inventory appraisal and private sale] was due to excusable neglect as [Mr. Urban] failed to serve a copy of both the [m]otion and [a]pplication upon PennyMac."

**{¶9}** The probate court, however, determined that PennyMac failed to demonstrate a meritorious defense or claim, stating:

* * *

In order to demonstrate that it has a meritorious defense or claim to present if relief is granted, PennyMac relies on an appraisal that it obtained on January 27, 2020, to assert that the market value of the property was actually $155,000.00, well above the amount accepted by [Mr. Urban]. However, the [c]ourt finds that the appraisal that PennyMac attached as Exhibit A to its [Civ.R. 60(B) motion] is actually a BPO, known as a broker's price opinion, and not [a] full appraisal of the North Bedford Road property. *The brokers price opinion has a number of misstatement[s] of [fact] and flaws on its face. First, the BPO incorrectly states that the borrower is Thomas Collin, fails to take into consideration that the North Bedford Road property was listed for sale within the last [twelve] months, and that it was actually sold within the last twelve months to the named owners of the property, Justin Jachna and Caitlin Connick. Further, the BPO was based only on an inspection of the exterior of the property and failed to take into consideration the numerous property violations that had been cited by the City of Macedonia. Additionally, the BPO was based on only 3 out of 26 comparable sales in the property's neighborhood within the past twelve months.* Finally, the 5 competitive listings in the property's neighborhood currently on the market were all listed in the price range from $99,000.00 to $154,900.00.

The North Bedford Road property sold for $115,000.00, an amount greater than the appraised value set by the appraiser appointed by this [c]ourt in the estate. A review of the [a]ffidavit of Armand Rossi, attached as Exhibit E to [Mr. Urban's] brief in opposition], shows [Mr.] Rossi has been a licensed realtor in the State of Ohio for over forty-eight years. [Mr.] Rossi was hired by [Mr. Urban] to list and

sell the [North] Bedford Road property. [Mr. Rossi] used five comparable sales, one of which was directly across the street from the subject property, to arrive at an average of [$87.71] per square foot. Using the same valuation per square foot, [Mr.] Rossi determined the subject property would have a value of $86,307.00, nearly the same as the Summit County Auditor's value.

\* \* \*

To say that the value of the North Bedford Road Property was actually $155,000.00 and that it would have sold for that amount *is purely speculative.*

\* \* \*

(Emphasis added.) Thus, based upon the above-stated reasoning, the probate court denied PennyMac's Civ.R. 60(B) motion.

{¶10} It is from this judgment entry PennyMac appeals, citing two assignments of error for our review.

### Mootness

{¶11} As a preliminary matter, we address the issue of whether PennyMac's assignments of error are moot because it failed to seek a stay of the distribution of the proceeds from the sale of the real property and, thus, has no remedy if the judgment entry approving the sale is vacated. It is well settled that, "[a]ppellate courts will not review questions that do not involve live controversies." *Summit Servicing Agency, LLC v. Hunt*, 9th Dist. Summit No. 28699, 2018-Ohio-2494, ¶ 10, quoting *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6, citing *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "When no live controversy exists, the appeal must be dismissed as moot." *Id.* at ¶ 10, citing *Tutin* at ¶ 6, citing *Lorain Cty. Bd. of Commrs. v. U.S. Fire Ins. Co.*, 81 Ohio App.3d 263, 266-267 (9th Dist.1992).

{¶12} "Where * * * [a] judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error

or even to move for vacation of the judgment." *Summit Servicing Agency, LLC* at ¶ 12. "A judgment is *voluntarily satisfied* 'where the party fails to seek a stay prior to the satisfaction of judgment.'" *Id.* at ¶ 13, citing *CommuniCare Health Servs. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 20. (Emphasis added.)

{¶13} Here, although PennyMac did not seek a stay of the distribution of proceeds from the sale of the real property, the record reveals PennyMac had no knowledge of the December 23, 2019 sale until it received $91,166.23 in sale proceeds on January 22, 2020. Specifically, in his affidavit, Attorney Glenn Algie averred, "I only learned about the above-referenced pleadings in the third week of January 2020 when I received the proceeds of the *already-completed sale* of the property. I immediately overnighted the funds to PennyMac for handling on January 21, 2020." (Emphasis added.) Under these circumstances, it was not actually possible for PennyMac to seek a timely stay of the distribution of proceeds from the sale of the real property. Moreover, PennyMac contends, if the judgment entry granting the private sale and accepting the appraised value of $100,000.00 for the real property is vacated, PennyMac could seek relief against Tom Collin's estate itself, pursuant to R.C. 2127.27, because Mr. Urban, as administrator of the estate, did not faithfully discharge his duties by failing to serve notice to PennyMac of the sale and appraisal value of the real property.[2] Indeed, this type of remedy, against the estate

---

[2]  R.C. 2127.27 states, in relevant part: "[u]pon the return and approval of the appraisement * * * the court shall require the executor, administrator, or guardian to execute a bond with two or more personal sureties, or one or more corporate sureties, whose qualifications shall be those provided by section 2109.17 of the Revised Code. The bond shall be payable to the state in an amount that the court considers sufficient, having regard to the amount of real property to be sold, its appraised value, the amount of the original bond given by the executor, administrator, or guardian, and the distribution to be made of the proceeds arising from the sale. The bond shall be conditioned for the faithful discharge of the executor's, administrator's, or guardian's duties and the payment of, and accounting for, all moneys arising from the sale according to law."

itself, would not implicate the title of the real property passed to the third-party purchasers. *See* R.C. 2325.03 ("The title to property, which title is the subject of a final judgment or order sought to be vacated, modified, or set aside by any type of proceeding or attack and which title has, by, in consequence of, or in reliance upon the final judgment or order, passed to a purchaser in good faith, shall not be affected by the proceeding or attack; nor shall the title to property that is sold before judgment under an attachment be affected by the proceeding or attack.")

{¶14} Thus, because there remains a live controversy, PennyMac's appeal is not moot.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN DENYING [PENNYMAC'S] CIV.R. 60(B) MOTION [] TO VACATE THE ORDER CONFIRMING SALE [] WHEN IT REACHED THE ULTIMATE MERITS OF THE CASE INSTEAD OF DECIDING WHETHER A MERITORIOUS DEFENSE WAS PRESENTED BY [PENNYMAC].**

{¶15} In its first assignment of error, PennyMac argues the trial court erred in denying its Civ.R. 60(B) motion. For the reasons that follow, PennyMac's argument is not well-taken.

{¶16} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hulgin*, 9th Dist. Summit No. 26719, 2013-Ohio-2794, ¶ 7, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion indicates the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Civ.R. 60(B) allows a court to relieve a party from a final judgment, order, or proceeding under certain circumstances. Such circumstances include: "(1) mistake,

inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment." Civ.R. 60(B). To prevail on a 60(B) motion, the movant must demonstrate that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied." *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996).

{¶18} Further, "[u]nder Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). However, "[i]n order to present a meritorious defense, a [movant] must introduce credible evidence from which reasonable minds might reach different conclusions upon the issue involved." *Cook Family Invests. v. Billings,* 9th Dist. Lorain Nos. 05CA008689, 05CA008691, 2006-Ohio-764, ¶ 18. Indeed, a movant must "allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense he could have successfully argued at trial." *Climbing Higher Ent., Inc. v. Forney*, 9th Dist. Summit No. 21142, 2002-Ohio-6295, ¶ 13.

{¶19} In the present matter, the trial court reviewed the BPO attached to PennyMac's Civ.R. 60(B) motion and due to several errors on its face and other noted deficiencies, determined PennyMac did not have a meritorious defense to present if the requested relief was granted. Specifically, the trial court took issue with the following: (1) the BPO was not a full appraisal, as it was only based upon an inspection of the property's exterior; (2) the BPO contained errors regarding the borrower's name, the fact the property had been listed for sale in

the past 12 months, and the fact the property had actually sold; (3) the BPO did not take into account any of the property violations cited by the City of Macedonia; and (4) the BPO was only based upon 3 out of 26 comparable sales in the past 12 months. In essence, the BPO was not credible evidence of a meritorious defense, i.e., that the property was valued at a higher amount than it actually sold for in the private sale. As such, in reviewing this record, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably in denying PennyMac's Civ.R. 60(B) motion.

{¶20} Accordingly, PennyMac's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED IN DENYING [PENNYMAC'S] CIV.R. 60(B) MOTION [] TO VACATE THE ORDER CONFIRMING SALE [] WHEN IT DENIED THE MOTION WITHOUT FIRST CONDUCTING A HEARING TO DETERMINE WHETHER A MERITORIOUS DEFENSE WAS PRESENTED BY [PENNYMAC].**

{¶21} In its second assignment of error, PennyMac argues the trial court erred in failing to conduct a hearing on whether a meritorious defense was presented in the Civ.R. 60(B) motion. We disagree.

{¶22} This Court has previously stated, "a party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing." *Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 9. In so doing, we explained:

> If * * * the material submitted by the movant contains allegations of operative facts demonstrating that relief is warranted, the trial court should grant the movant a hearing to take evidence and either verify or discredit the asserted facts. If, on the other hand, the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing. (Citations omitted.)

*Id.* Further, "[t]he party requesting relief from judgment bears the burden of asserting operative facts that demonstrate [] a meritorious defense that justifies relief from judgment." *Id.*

Importantly, "[a]ll operative facts must be presented with the motion; the movant cannot wait to present operative facts at a hearing." *Id.*

{¶23} As discussed above, the trial court determined the BPO attached to PennyMac's Civ.R. 60(B) motion did not constitute credible evidence of a meritorious defense because of numerous misstatements and deficiencies which are identified in the trial court's judgment entry, as well as the speculative nature of PennyMac's valuation of the real property. Thus, because the BPO did not contain allegations of operative facts demonstrating that relief is warranted, the trial court's denial of the Civ.R. 60(B) motion, without a hearing, does not constitute an abuse of discretion.

{¶24} Accordingly, PennyMac's second assignment of error is overruled.

III.

{¶25} For the reasons stated above, PennyMac's two assignments of error are overruled. The Judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

       Costs taxed to Appellant.


                                    _____

                                    BETTY SUTTON
                                    FOR THE COURT


CARR, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

WILLIAM L. PURTELL and JOHN R. WIRTHLIN, Attorneys at Law, for Appellant.

JAMES L. NABORS and RANDY TAYLOR, Attorneys at Law, for Appellee.