JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is a suit upon a contract. On November 12, 2004, plaintiff-appellant Gunton Corporation, sued three entities, defendants-appellees,[1] for nonpayment. Service was quickly perfected upon all appellees, and after one leave to plead, an answer was filed on behalf of all appellees on January 1, 2005. Leaves were subsequently taken by appellees in order to answer interrogatories and requests for admission. Eventually the leaves expired, and on September 22, 2005, appellant moved to compel discovery and to deem requests admitted. On December 16, 2005, the court entered an order that read as follows:
 {¶ 2} "Plaintiff's motion to compel discovery is granted. Defendants] to comply with this discovery order by December 30, 2005 or plaintiff's motion to deem requests admitted shall be granted."
 {¶ 3} On January 5, 2006, appellant filed a motion for sanctions, or in the alternative, for a continuance, alleging that the discovery, as ordered, had not been accomplished by December 30, 2005. On April 10, 2006, the court entered judgment as follows:
 {¶ 4} "As defendants] [have] failed to comply with the court's discovery order of December 16, 2005, plaintiff's requests for admissions to interrogatories are *Page 4 
deemed admitted. Consequently, judgment on the complaint is entered for the plaintiff. Plaintiff to provide final entry for the court."
 {¶ 5} On June 9, 2006, appellant prepared and the court signed a judgment entry which provided for compensatory damages in the amount of $8,742.06, plus interest at 10% per annum from December 1, 2001 (deemed a judgment by default), an award of attorney fees in the amount of $5,355, and an order that costs be borne by appellees. The docket reflects no hearing was had upon this default, and there is nothing in the record reflecting evidence of damages or attorney fees. This is the judgment entry, signed by the judge, and journalized at Volume 320 Pages 099-100, from which appellees, on November 30, 2006, filed a motion for relief from judgment. Appellees' motion was granted on March 21, 2007.
 {¶ 6} Apparently the electronic docket indicated that the reason default judgment had been granted was because appellees had failed to file an answer to the complaint, and, accordingly, the gravaman of appellees' motion for relief from judgment was addressed to the fact that indeed an answer had been filed. However, the judgment entry (not the electronic docket) indicates that default judgment was issued as a discovery sanction, not for failure to file an answer. This judgment entry was not served upon the defendant. We hence review the appropriateness of a default judgment for compensatory damages and attorney fees, issued without warning, without hearing, and without the presentation of evidence, as a discovery sanction.
 {¶ 7} In LaRiche v. Delisio (Nov. 30, 2000), Cuyahoga App. No. 77352, this court held that "[w]e conclude that the trial court failed to give proper notice of its intention to grant default judgment as a discovery sanction under Civ.R. 37(D),[and] we reverse the judgment of the trial court and remand this matter for a hearing on the merits." This court, citing Hillabrand v. Drypers Corp., 87 Ohio St.3d 517, 2000-Ohio-468,721 N.E.2d 1029, held that since proper notice is a prerequisite to any dismissal, it is, by analogy, a prerequisite to any default judgment.
 {¶ 8} Here, the only notice given by the court was that failure to comply with the court's order of discovery would result in the court deeming appellant's requests for admission admitted. No notice or warning whatsoever was given by the court to appellees that failure to comply with discovery would result in a default judgment. Although case law exists which states that a plaintiff's motion requesting sanctions in the form of default is sufficient notice that "default was in play" as a possible sanction, appellees in their Civ.R. 60(B) motion stated that they were never served with appellant's motion.
 {¶ 9} The next consideration is whether the court's erroneous docket entry, which stated that the reason for granting the default was the failure to file an answer, and its subsequent granting of a motion to vacate under Civ.R 60(B) when it discovered that an answer in fact had been filed, impacts at all the analysis of the court's granting the motion to vacate under Civ.R. 60(B). Cook Family Invest. v.Billings, Lorain App. Nos. 05CA008689 and 05CA008691, 2006-Ohio-764, *Page 5 
addresses this very issue: "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such error is not prejudicial. Reynolds v. Budzik (1999), 134 Ohio App.3d 844,732 N.E.2d 485, at fn. 3, citing Newcomb v. Dredge (1957),105 Ohio App. 417, 424, 152 N.E. 2d 801; State v. Payton (1997), 124 Ohio App.3d 552,557, 706 N.E. 2d 842. `It has long been the law in Ohio that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof. ' Budzik, at fn. 3, quoting Agricultural Inc. Co. v.Constantine (1944), 144 Ohio St. 275, 284, 58 N.E. 2d 658."
 {¶ 10} An appellate court reviews a lower court's ruling on a motion to vacate pursuant to Civ.R. 60(B) under an abuse of discretion standard. "The decision to grant or to deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.Strack v. Pelton, 70 Ohio St. 3d 172, 174, 1994-Ohio-107,637 N.E.2d 914. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E. 2d 1140. An abuse of discretion demonstrates perversity of will, passion, prejudice, partiality, or moral delinquence. Pons v. Ohio StateMed. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122, *Page 6 614 N.E.2d 748. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Id." Cook FamilyInvest, supra at ¶ 8.
 {¶ 11} In the instant case, the trial court vacated a default judgment where (1) by error of court, the docket erroneously reflected that default was granted for failure to file an answer; (2) no notice whatsoever was given by the court to appellees that default was being considered as a sanction for a failure to provide discovery; (3) appellees in their Civ.R. 60(B) motion affirmatively stated that they never received a motion sent by ordinary mail requesting default as a discovery sanction; and (4) no default hearing was had, nor was any evidence presented on the issue of damages under the contract, or as to necessary and reasonable attorney fees. The ruling was correct even under a de novo standard; hence, it could not possibly constitute an abuse of discretion. Accordingly, the decision of the trial court setting aside the default judgment is affirmed.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR
[1] Architectural Concepts Interiors, Inc., Robert Corna, and Architectural Designers Builders, Inc. *Page 1