DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Karen Hirt ("wife"), appeals the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted wife a legal separation and denied appellee Alan Hirt's ("husband") counterclaim for divorce. This Court affirms.
 I. {¶ 2} On October 13, 2000, wife filed a complaint for legal separation on grounds of gross neglect of duty and extreme cruelty. On November 13, 2000, husband filed an answer denying the grounds and a counterclaim for legal separation from wife on grounds of gross neglect of duty and extreme cruelty. Wife denied the grounds.
 {¶ 3} On July 2, 2001, husband obtained leave of court to amend his counterclaim to state a claim for divorce on grounds of gross neglect of duty and extreme cruelty. Wife denied the allegations.
 {¶ 4} The trial court granted husband a divorce on grounds of incompatibility on June 14, 2002. Wife appealed to this Court. While the case was pending in this Court, wife filed a motion to modify spousal support due to a change in economic circumstances. This Court granted wife's motion for a stay of the appeal until February 10, 2003. A hearing was held on wife's motion to modify spousal support and the magistrate granted wife's motion. Husband filed objections to the magistrate's decision, but before the trial court ruled on husband's objections, this Court reversed the trial court's grant of divorce dated June 14, 2002, and remanded the matter to the trial court for further proceedings.Hirt v. Hirt, 9th Dist. No. 02CA0053-M, 2003-Ohio-2425.
 {¶ 5} Upon remand, the trial court vacated its June 14, 2002 judgment entry of divorce effective May 14, 2003, the date this Court issued its decision on the appeal. In addition, the court granted wife a legal separation and dismissed husband's counterclaim for divorce.
 {¶ 6} Wife timely appealed the issues of spousal support and division of marital property, setting forth five assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred in its determination of spousal support."
 {¶ 7} In her first assignment of error, Wife argues that the trial court erred in not awarding her spousal support from December 24, 2002, the date she filed her motion to modify spousal support. This Court disagrees.
 {¶ 8} A trial court may award reasonable spousal support in a divorce action after a property division is effectuated. R.C.3105.18(B). This Court reviews a spousal support award under an abuse of discretion standard. Schindler v. Schindler (Jan. 28, 1998), 9th Dist. No. 18243. An abuse of discretion is more than an error of law or judgment, and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 9} In the case sub judice, wife argues that the trial court erred in not awarding her $1,800 per month in spousal support effective December 24, 2002, which was the amount the magistrate found appropriate in the magistrate's January 31, 2003 decision. Wife's argument is without merit. This Court reversed the trial court's June 14, 2002 judgment entry of divorce in its May 14, 2003 decision. By operation of law, the trial court's June 14, 2002 decision was vacated effective May 14, 2003. Therefore, the trial court did not abuse its discretion in vacating the magistrate's January 31, 2003 decision and dismissing wife's motion to modify spousal support. Wife's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in finding appelant-wife not entitled to attorney fees."
 {¶ 10} In wife's second assignment of error, she alleges that the trial court erred in finding that she was not entitled to an award of attorney fees. This Court disagrees.
 {¶ 11} R.C. 3105.18(H) provides, in relevant part:
"In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including * * * any proceeding arising from a motion to modify a prior order or decree * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 12} The party requesting the fees under this section has the burden of demonstrating their reasonableness. Shaffer v.Shaffer (1996), 109 Ohio App.3d 205, 214. As an award of attorney's fees is left to the sound discretion of the trial court, this Court will not reverse the trial court's decision absent an abuse of discretion. Holcomb v. Holcomb, 9th Dist. No. 01CA007795, 2001-Ohio-1364.
 {¶ 13} In this case, the parties stipulated to the amount and reasonableness of the attorney fees sought by wife. However, husband argues that an award of attorney fees is not necessary for wife to fully litigate her rights and protect her interests in light of the property division and spousal support awarded. Wife contends that she should be awarded attorney fees because of the disparity of income between her and husband, due in part to the termination of her employment at Hirt's Greenhouse, Inc. Wife also argues that the trial court abused its discretion in not taking additional evidence before ruling on her motion for attorney fees. This Court notes, however, that the trial court reviewed the transcripts of the magistrate's hearing on wife's motion to modify spousal support which commenced January 24, 2003.
 {¶ 14} The trial court found that wife failed to prove that without an award of attorney fees she would be unable to fully litigate her rights and protect her interests. After reviewing the record, this Court cannot conclude that the trial court abused its discretion in denying wife's motion for attorney fees. Consequently, wife's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in the valuation of Hirt's Greenhouse, Inc. Stock."
 {¶ 15} In her third assignment of error, wife avers that the trial court erred in its valuation of the Hirt's Greenhouse, Inc., stock. This Court disagrees.
 {¶ 16} This Court has previously held that valuation of assets is for the trier of fact. Martinez v. Martinez (Sept. 16, 1987), 9th Dist. No. 2256. A trial court is not required to choose one particular method of valuation over another in valuing marital assets. Focke v. Focke (1992), 83 Ohio App.3d 552, 556. In the present case, the trial court heard testimony from an expert chosen by both husband and wife. The expert testified that under an ongoing business analysis on the open market, Hirt's Greenhouse, Inc., has a zero value. Therefore, this Court finds that the trial court's determination that there was no appreciation of Hirt's Greenhouse, Inc., to divide between the parties was supported by competent, credible evidence. Wife's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR
"The trial court erred in finding that transmutation has been abolished by the enactment of R.C. 3105.171(A)(6)(b) and failing to grant appellant-wife a marital property interest in appellee-husband's Hirt's Greenhouse, Inc. Stock."
 {¶ 17} In her fourth assignment of error, Wife contends that the trial court erred in finding that Husband's 127 shares of Hirt's Greenhouse, Inc., stock were his separate property. Wife's fourth assignment of error is without merit.
 {¶ 18} R.C 3105.171 defines marital and separate property and governs the division of assets in divorce and legal separations. Pursuant to R.C. 3105.171(A)(6)(a)(vii), separate property includes gifts made during the marriage that are proven to have been given only to one spouse by clear and convincing evidence. Under R.C. 3105.171(B), a trial court must classify property as marital or separate before such property can be awarded in a divorce proceeding. A trial court's characterization of property as either marital or separate is a determination that must be supported by competent, credible evidence. Barkley v. Barkley
(1997), 119 Ohio App.3d 155, 159; see, also, Spinetti v.Spinetti (Mar. 14, 2001), 9th Dist. No. 20113. This standard of review "is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent a reversal."Barkley, 119 Ohio App.3d at 159. As the trial court is best able to observe the demeanor, gestures, and voice inflections of the witnesses, and to use those observations to weigh the credibility of the proffered testimony, this Court is guided by a presumption that the findings of the trial court are correct. Id., citing In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
 {¶ 19} Arguing that husband's separate property had been transmuted, wife urges this Court to apply a six-factor test set forth in Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, to determine whether transmutation has occurred. Since that decision, however, amendments to the Revised Code have restricted, if not rendered obsolete, the application of that test. Pruitt v. Pruitt (May 1, 1996), 9th Dist. No. 2484-M.R.C.3105.171(A)(6)(b) provides that "[t]he commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." The inquiry, then, has become whether the separate property is traceable. West v.West, 9th Dist. No. 01CA0045, 2002-Ohio-1118 at ¶¶ 11-12;Wheeler v. Wheeler (Dec. 12, 2001) 9th Dist. No. 3188-M;Pruitt. The party seeking to have the commingled property deemed separate has the burden of proof, by a preponderance of the evidence, to trace the asset to his or her separate property.West; Wheeler; Modon v. Modon (1996), 115 Ohio App.3d 810,815, appeal not allowed (1997), 78 Ohio St.3d 1442.
 {¶ 20} In the present case, there was uncontroverted evidence that Husband's separate property was traceable. Husband received the 127 shares of Hirt's Greenhouse, Inc., stock as a gift from his father. The stock certificates for the 127 shares of Hirt's Greenhouse, Inc., stock are solely in Husband's name. Furthermore, the evidence revealed that when the Hirt family wished to gift stock to spouses, they did so directly.
 {¶ 21} Upon review of the record as a whole, this Court finds that the designation of the 127 shares of Hirt's Greenhouse, Inc., stock as husband's separate property was supported by competent, credible evidence. Consequently, Wife's fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR
"The trial court erred in the division of property."
 {¶ 22} In her fifth assignment of error, wife argues that the trial court erred in the division of property between husband and her. Specifically, wife contends that the trial court erred in its valuation of Hirt's Greenhouse, Inc., and in failing to find that wife had an interest in the 127 shares of Hirt's Greenhouse, Inc, stock that husband received as a gift from his father. This assignment of error is without merit.
 {¶ 23} Wife's fifth assignment of error is dependent upon this Court finding merit in either her third or fourth assignment of error. Given that this Court found no merit in wife's third and fourth assignments of error, wife's fifth assignment of error is overruled.
 III. {¶ 24} Wife's five assignments of error are overruled. The decision of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Batchelder, J., concur.