[Cite as *Kokoski v. Kokoski*, 2013-Ohio-3567.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| SUSAN KOKOSKI | C.A. No. 12CA010202 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| STEVEN KOKOSKI | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10 DU 072427 |

DECISION AND JOURNAL ENTRY

Dated: August 19, 2013

HENSAL, Judge.

{¶1} Steven Kokoski appeals a judgment entry for divorce from the Domestic Relations Division of the Lorain County Court of Common Pleas. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} Steven and Susan Kokoski married in 1985. They have three children, but only one is still a minor. Husband is a partner in a construction company with his two brothers. Wife is a medical transcriptionist who works from home. She also works at a fitness center.

{¶3} In July 2010, Wife filed for divorce. Following trial, the court, for the most part, divided all of their debts and assets evenly. It found, however, that their house was Husband's separate property and that Wife was entitled to only part of the equity that had accrued during the marriage. It also ordered Husband to pay all of their federal tax debt because he had not properly submitted his self-employment social security taxes and had not filed their tax returns on time. It

further made Wife residential parent of the minor child, and ordered Husband to pay child and spousal support. Husband has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY FAILING TO EQUITABLY DISTRIBUTE THE MARITAL ASSETS AND DEBTS OF THE PARTIES.

{¶4} Husband argues that the trial court incorrectly made him responsible for all of the parties' federal tax debt. Revised Code Section 3105.171(C)(1) "requires trial courts to divide marital property equally, except to the extent that an equal division would be inequitable." *Smith v. Smith*, 9th Dist. Summit No. 26013, 2012-Ohio-1716, ¶ 8. "Although the allocation of debt is not specifically addressed in the statute, the division of property also includes marital debt." *Id*. Accordingly, "although equal division may be a starting point for the division of debt, a trial court may divide debt unequally if an equal division would be inequitable." *Id*. "A trial court's division of marital debt is reviewed for an abuse of discretion." *Id*. "An abuse of discretion implies that the court's decision is arbitrary, unreasonable, or unconscionable." *Id*.

{¶5} Wife presented evidence that the parties owe $24,891.68 in unpaid federal taxes, tax penalties, and interest for the years 2005 through 2007. According to her, the reason they owe that much is because Husband failed to submit any of his self-employment social security taxes for those years. In prior years, Husband had paid the self-employment tax quarterly throughout the year. Unbeknownst to her, he stopped making quarterly payments in 2005. In fact, he made no payments toward his self-employment taxes in 2005, 2006 and 2007. Wife also testified that, despite her urging, Husband waited three years to take his paperwork to their tax preparer so that they could file their personal tax returns. Accordingly, by the time they filed

their returns, they owed $21,973.74 in unpaid self-employment taxes and $2917.94 for penalties and interest. Based on her testimony, the trial court found that Husband was solely responsible for the fact that the parties had an unpaid tax balance. It also found that, because he was responsible for the parties not filing their tax returns on time, he should be solely liable for all of the penalties and interest that had accrued. It, therefore, made him responsible for the entire balance owed to the IRS.

{¶6} There is competent credible evidence in the record that Husband did not submit all of the taxes that he owed when they were due, that he did not timely provide the parties' tax preparer with all of the necessary information to file their returns and that, because of his actions, Wife did not know that they had an outstanding tax balance until it was too late to avoid penalties and interest. We, therefore, conclude that the trial court exercised proper discretion when it made Husband responsible for the $2917.94 in penalties and interest that the IRS assessed on the parties.

{¶7} With respect to the $21,973.74 underlying unpaid tax balance, although we disagree with Husband's argument that the assignment of the entire debt to him was unquestionably improper, we find that the trial court did not set forth sufficient reasoning in its decision for this Court to review its exercise of discretion. While we acknowledge that the trial court does not have to delve into minute detail in reaching its determination, it must nonetheless indicate the basis for its division of marital property in sufficient detail to enable the Court to determine whether the division is fair and equitable. Here, it is unclear whether the trial court's determination was based upon evidence in the record such as disparity of the parties' income, the relative skills and education contributing to greater employability and greater future income, in

addition to the circumstances under which the debt was incurred. As such, it is appropriate to remand the matter so that the trial court can set forth its reasoning process.

{¶8} Husband also argues that the trial court incorrectly ordered him to pay Wife $11,309.60 for one-half of his interest in his family's construction company. While he does not dispute that she is entitled to one-half of his interest in the partnership, he contends that the court made mistakes in calculating the partnership's value. According to Husband, he inherited half of the company's equipment, including most of its hand tools, from his father prior to the marriage so those assets should be considered his separate property. He also contends that the court miscalculated the partnership's debts.

{¶9} Husband testified that the partnership owns a warehouse valued at $125,000 and personal property worth $10,000. It also had $1823.51 in a checking account. He submitted documents showing that there were tax liens against the partnership for $137.65 and $719.65. He also submitted documents showing that it owed $14,050.68 in federal taxes, $285 for workers compensation payments, $383.87 to the Ohio Attorney General, $120.94 for heat, $792 for building insurance, $552.11 to Lowe's, $4161.45 to a gas station, $725.60 for newspaper advertising, $848.57 for telephone service, $425.92 for cellphone service, $123.99 for electricity, $722.29 for state withholding taxes, $253.41 for vehicle insurance, $5812.97 in property taxes, and $1500.62 in attorney fees for an unrelated matter. He further testified that the business had borrowed $5000 from one of his brothers who is a partner in the company and estimated that the partnership would owe another $50,000 in federal taxes once it had prepared and submitted the rest of its returns. According to Husband, therefore, the partnership had over $86,000 in debt at the time of the hearing.

{¶10} The trial court found that the partnership only had $68,965.94 in debt, but it gave no explanation for how it calculated that figure. Wife argues that, because the loan from the brother was not supported by documentary evidence and the additional federal tax liability estimate was speculative, it was appropriate for the trial court to discount those figures in determining the partnership's debt. Even if the trial court found one or more of Wife's arguments persuasive, however, the total debt calculation in its entry still does not equal the court's finding.

{¶11} This Court has recognized that, "[if] a trial court's judgment is not sufficiently detailed, a reviewing court may be left in the unfortunate position of being unable to provide meaningful review." *Zemla v. Zemla*, 9th Dist. Wayne No. 11CA0010, 2012-Ohio-2829, ¶ 19; *Keith v. Keith*, 9th Dist. Lorain No. 09CA009657, 2010-Ohio-1085, ¶ 7. We conclude that, because the trial court did not provide any explanation for how it calculated the partnership's debts, we are unable to determine whether its finding was supported by the record. Although it is possible that the court discounted Husband's testimony about the partnership's loan to the brother and its projected additional tax liability, the difference in the figures could merely have been a typographical error in which $86,000 became $68,000. Accordingly, we conclude that this matter must be remanded to the trial court for further explanation of the court's partnership-debt calculation.

{¶12} Husband also argues that the trial court incorrectly ordered him to pay half of Wife's $15,000 credit card bill. He asserts that she committed financial misconduct when she obtained the account without his knowledge. He also asserts that she did not present any evidence to support her assertion that the charges were for household expenses.

{¶13} Wife testified that she used the credit card "for just regular household expenses." Husband did not submit any conflicting evidence, such as the individual monthly statements, to establish that she had used the card for non-marital purposes. Accordingly, we conclude that the trial court did not err when it found that the balance on the card was marital debt. Husband's assignment of error is sustained with respect to the division of the parties' federal tax liability and its calculation of the partnership's debt, but overruled as to its division of Wife's credit card debt.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND HELD AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BY FINDING APPELLANT TO BE VOLUNTARILY UNDEREMPLOYED AND ORDERING HIM TO PAY SPOUSAL SUPPORT AND CHILD SUPPORT BASED ON AN INCORRECT INCOME FIGURE.

{¶14} Husband argues that the trial court incorrectly ordered him to pay spousal support. Under Revised Code Section 3105.18(B), "[i]n divorce and legal separation proceedings, * * * the court of common pleas may award reasonable spousal support to either party." "In determining whether spousal support is appropriate and reasonable," the court shall consider the factors listed in Section 3105.18(C)(1)(a-n). R.C. 3105.18(C)(1). "This Court reviews a spousal support award under an abuse of discretion standard." *Hirt v. Hirt*, 9th Dist. Medina No. 03CA0110-M, 2004-Ohio-4318, ¶ 8.

{¶15} Husband notes that one of the factors that a court is required to consider in deciding to award spousal support is "[t]he income of the parties, from all sources[.]" R.C. 3105.18(C)(1)(a). He argues that, instead of considering his actual income at the time of the March 2011 hearing, it averaged his income from 2005 through 2007. He argues that the calculation was improper because he works in the construction industry and the economy was

much worse after 2007. For instance, he testified that he earned only $7000 in 2010 and almost nothing three months into 2011. He also argues that the court failed to consider that the income he reported for 2005 to 2007 did not reflect the fact that he had not paid over $24,000 in taxes for those years.

{¶16} Husband notes that another of the factors that a court is required to consider is "[t]he relative earning abilities of the parties." R.C. 3105.18(C)(1)(b). The trial court, citing his past income, found that he could earn between $35,000 and $40,000 a year. Husband argues that the court's determination was unreasonable because the economic collapse wiped out business in the construction industry in the area, leaving him with few local job opportunities. Regarding the other factors listed in Section 3105.18(C)(1), Husband contends that the parties were living above their means, that, even though their home was his separate property, he was probably going to lose it in a foreclosure action, that Wife's father was paying most of Wife's bills for her, and that, at the present time, she makes more money than he does. He, therefore, argues that the court abused its discretion when it ordered him to pay $600 per month in spousal support.

{¶17} In its judgment entry, the trial court individually discussed each of the factors listed in Section 3105.18(C)(1), considering whether they were relevant. Regarding Husband's income, we note that he did not present any evidence to show what he earned in 2008 or 2009. Although he testified that he earned only $7000 in 2010, he did not submit any corroborating documentation. He also did not present any documents to corroborate his claim about the state of the construction industry or his claim that he had applied for other jobs. Accordingly, we conclude that the court did not abuse its discretion when it determined his earning ability by averaging his income from the three years that he had prepared and submitted tax returns.

**{¶18}** Husband also argues that the trial court incorrectly found that he was voluntarily underemployed. According to him, in *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011-Ohio-2087, this Court wrote that, "for purposes of calculating spousal support, the trial court cannot impute income to either party without making a finding that the party is voluntarily unemployed or underemployed." Husband argues that the evidence does not support the court's conclusion that he is voluntarily underemployed, noting that his lack of employment was due to economic conditions rather than his own actions.

**{¶19}** Husband has misquoted this Court's precedent. What this Court wrote in *Collins* was that, "for purposes of calculating *child* support, the trial court cannot impute income to either party without first making a finding that the party is voluntarily unemployed or underemployed." (Emphasis added) *Id*. at ¶ 27, quoting *Musci v. Musci*, 9th Dist. Summit No. 23088, 2006-Ohio-5882, ¶ 11. With respect to spousal support, this Court has reached the opposite conclusion, explaining that, under Section 3105.18(C)(1)(a), the court does "not have to specifically consider whether [husband] was voluntarily unemployed or whether it should impute income to him." *Valentine v. Valentine*, 9th Dist. Medina No. 11CA0088-M, 2012-Ohio-4202, ¶ 4.

**{¶20}** In his brief, Husband discusses the factors for determining a party's income under Section 3119.01(C). Chapter 3119, however, applies to the calculation of child support, not spousal support. Accordingly, the criteria listed in that chapter are not relevant to determining whether the trial court correctly awarded spousal support to Wife. Husband does not assign as error that the trial court incorrectly determined his child support obligation.

**{¶21}** The section of the Revised Code that applies to spousal support is Section 3105.18. Under Section 3105.18(C)(1)(b), the trial court had to consider Husband's "earning

abilit[y]." This Court has explained that, in applying Section 3105.18(C)(1)(b), "[t]he end result is not to arrive at a specific figure so as to 'impute' income; rather, [it] is to consider and weigh the spouses' relative earning abilities along with the other factors in arriving at reasonable spousal support both as to amount and term." *Collins*, 2011-Ohio-2087 at ¶ 19. In this case, the trial court examined the evidence and determined that Husband's "labor skills and earning history support that he is capable of earning $35,000.00 to $40,000.00." Its determination is supported by the record. Wife's earning ability, meanwhile, was only $22,000.

**{¶22}** Upon review, we find that the court appropriately considered each of the required factors under Section 3105.18(C)(1). We also conclude that the court exercised proper discretion when it determined that, after a 25-year marriage, it was appropriate for Husband to pay Wife $600 a month for 60 months in spousal support. His second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION BY ADOPTING APPELLEE'S PROPOSED SHARED PARENTING PLAN AND GRANTING APPELLANT LESS THAN THE TRIAL COURT'S STANDARD ORDER OF VISITATION PROPOSED THEREBY FAILING TO GRANT STEVEN KOKOSKI LESS THAN THE COURT'S STANDARD ORDER OF VISITATION.

**{¶23}** Father argues that the trial court abused its discretion when it adopted Mother's proposed parenting time schedule. He notes that, under Lorain County's suggested parenting time plan, he would have their daughter every other weekend from Friday evening at 6:00 p.m. to Sunday at 6:00 p.m. He would also have one midweek evening from 5:00 p.m. to 8:00 p.m. Under the plan that the court adopted, he gets one a midweek evening, but, on alternating weekends, only has her from 9:00 a.m. on Saturday until Sunday at 7:00 p.m. As a result, he has 14 less hours with her than under the suggested plan and only one overnight visit with her every two weeks. The record establishes that the parties' daughter has cystic fibrosis which requires

significant management. Father argues that, although the daughter has cystic fibrosis, he has had years of experience in caring for her and her older sister, who also has the condition, and has cared for her on consecutive nights in the past without issue. He also argues that it is inappropriate that Mother allows their daughter to sleep in her bed with her, even though she is 12 years old. Mother argues that, because she works at home, she can stay on top of the daughter's treatment better than Father. She does not point to anything specific about the daughter's treatment on Friday evenings, however, she believes that she can handle the overnight concerns regarding treatment better than Father. She also argues that Father uses a kerosene heater in the home that produces fumes which aggravate the daughter's medical condition. Mother also complains that Father allows their daughter to stay up as late as 3:00 a.m. She further contends that he has no residence lined up once his house sells or is lost in foreclosure.

{¶24} Under Revised Code Section 3109.04(A), the trial court had to "allocate the parental rights and responsibilities" of the parties' child. The method depended on whether one or both of the parties moved "the court to grant both parents shared parental rights and responsibilities * * *." R.C. 3109.04(A), (G). In this case, both parties moved for shared parenting and they both submitted shared parenting plans for the court's review. Because their proposed plans were different, the court had to "review each plan * * * to determine if either [was] in the best interest of the child[ ]." R.C. 3109.04(D)(1)(a)(ii). If it determined that one of the plans was in the best interest of the child, it had discretion to approve it under Section 3109.04(D)(1)(b). *Id.*

{¶25} In determining whether either of the proposed plans was in the best interest of the child, the court had to consider "all relevant factors," including, but not limited to, the factors listed in Section 3109.04(F)(1)(a-j). R.C. 3109.04(F)(1). Those factors included the wishes of

the child's parents, the wishes of the child, the child's interaction and interrelationship with her parents and siblings, the child's adjustment to her home, school, and community, the mental and physical health of all persons involved in the situation, the parent more likely to honor and facilitate court-approved parenting time rights, whether either parent has failed to make all child support payments, whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child, whether one of the parents has continuously and willfully denied the other's right to parenting time, and whether either parent has established a residence, or is planning to establish a residence, outside Ohio. R.C. 3109.04(F)(1)(a-j).

{¶26} A trial court possesses broad discretion with respect to its determination of the allocation of parental rights and responsibilities, and its decision will not be overturned absent an abuse of discretion. *See Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988). Thus, the trial court's determination will not be disturbed unless the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). In his stated assignment of error, Father avers that the trial court abused its discretion in reaching its shared parenting and companionship determinations. Father's arguments, however, challenge the trial court's best interest findings. This Court has held that what is in the best interest of a child is primarily a question of fact that should be reversed only if it is against the manifest weight of the evidence. *Knouff v. Walsh-Stewart*, 9th Dist. Wayne No. 09CA0075, 2010-Ohio-4063, ¶ 11. When reviewing the manifest weight of the evidence in a civil case, this Court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created

such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012–Ohio–2179, ¶ 20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001).

{¶27} The trial court reviewed each of the factors listed in Section 3109.04(F)(1). They were, for the most part, unremarkable. Both parents claimed to be good caretakers of the daughter who would provide a suitable environment for her. Although they each claimed to be better at meeting her health needs, there were no concerns about their own health or their likelihood of facilitating the other's parenting time. The court did note that the daughter currently lived with Mother and an older sister and that Mother had established a daily routine to stay on top of her treatment.

{¶28} Neither party's submitted shared parenting plan mirrored the court's standard visitation schedule which Father is now arguing should have been ordered. Both parties agreed, however, that it is very important to provide a stable environment for their daughter. Mother's plan allows the daughter to sleep 13 out of 14 nights in the same home. It also makes up one of the hours that Father loses on Friday nights by allowing him to keep her until 7:00 p.m. on Sunday evenings. Accordingly, upon independent review of the facts and circumstances, we conclude that the trial court's best interest determination was not against the manifest weight of the evidence. Furthermore, we are unable to say that the trial court abused its discretion in adopting Mother's shared parenting plan and ordering companionship that was less than the standard order. Father's assignment of error is overruled.

### III.

{¶29} The trial court did not adequately explain its reason for assigning all of the parties' federal tax liability and penalties to Husband or how it calculated Husband's

partnership's debt. The judgment of the Lorain County Common Pleas Court, Domestic Relations Division, is affirmed in part and reversed in part, and this matter is remanded for further proceedings.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

GINO PULITO, Attorney at Law, for Appellant.

JOAN JACOB THOMAS, Attorney at Law, for Appellee.