[Cite as *Patton v. Hickling-Patton*, 2014-Ohio-2862.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

MARVIN PATTON III

    Appellee

    v.

VANESSA A. HICKLING-PATTON

    Appellant

C.A. No.      13CA0071-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     11 DR 0173

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

HENSAL, Judge.

{¶1} Vanessa Hickling-Patton appeals a judgment entry of divorce from the Medina County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms.

I.

{¶2} Ms. Hickling-Patton and Marvin Patton married in May 2007. They have two children. In March 2011, Husband filed a complaint for divorce, alleging that the parties were incompatible. He also moved for temporary custody of the children. Following a hearing, a magistrate granted Husband temporary custody of the children and granted Wife limited parenting time, which increased over time. The magistrate also appointed a guardian ad litem for the children. Wife subsequently counterclaimed for divorce, alleging incompatibility and gross neglect of duty.

{¶3}    At trial, Wife dismissed her counterclaim.  The parties stipulated to the court's jurisdiction, that they had no joint debts, that they had divided their assets to their mutual satisfaction, and that Husband would retain his pension free from any claims of Wife.  The parties disputed, however, whether there were grounds for divorce, who should be the custodial parent, whether the court should impute income to Wife, and the amount of child support and spousal support.  Following the trial, the court determined that Wife had committed acts of gross neglect of duty and extreme cruelty, that Husband should be the custodial parent, that Wife was capable of earning $33,000 per year, that Wife was not entitled to spousal support, and that Wife was required to pay child support.  Wife has appealed the trial court's decree, assigning four errors, which this Court has reordered for ease of consideration.

II.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF A DIVORCE.

{¶4}    Wife argues that there were no grounds for the divorce and that the trial court's finding of extreme cruelty and gross neglect of duty was not supported by the record.  Revised Code Section 3105.01 provides, in part, that a court of common pleas "may grant divorces for * * * [e]xtreme cruelty; [and] * * * [a]ny gross neglect of duty * * *."  This Court has explained that "[t]he terms extreme cruelty and gross neglect of duty * * * are elusive of concrete definition."  *Deuri v. Deuri*, 9th Dist. Summit No. 12869, 1987 WL 14429, *1 (July 15, 1987).  Accordingly, "[t]he determination of what facts will establish extreme cruelty and/or gross neglect of duty should be left to the broad, but sound, discretion of the trial court."  *Id*.

{¶5}    At the time of the marriage, Husband and Wife worked for the military at the same office, but in different chains of command.  Husband testified that the marriage started

well, but deteriorated as Wife began to abuse prescription medications. She began sleeping a lot and not showing up to work, which led to her discharge. The trial court found that Wife's misconduct put pressure on Husband at work and that she verbally and physically abused him at home. It found that, even though Wife had occasionally stayed overnight at Husband's new residence, it was solely for the purpose of watching the children while Husband was out of town. It, therefore, found Husband's testimony credible that they had lived separate and apart for more than 12 months.

{¶6} Husband's testimony about Wife's verbal and physical abuse was corroborated by one of his friends, who witnessed an incident in which Wife yelled and cursed at Husband and threw a trophy at him. The friend also verified that Husband had resided in the basement of the marital home well before he moved out of the house with the children. Husband also supported his testimony with a copy of Wife's military discharge papers, which indicated that she had been terminated for "misconduct (desertion)."

{¶7} Upon review of the testimony and exhibits submitted at trial, we conclude that the trial court's factual findings are supported by the record and that the court did not abuse its discretion when it granted Husband a divorce for extreme cruelty and gross neglect of duty. Wife's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DESIGNATING THE PLAINTIFF AS THE CUSTODIAN OF THE PARTIES' MINOR CHILDREN.

{¶8} Wife next argues that the trial court incorrectly made Husband the custodial parent. Because neither party filed a timely proposed shared parenting plan, the court was required to allocate parental rights and responsibilities "in a manner consistent with the best interest of the children." R.C. 3109.04(A)(1). In determining the best interest of the children,

the court had to consider all of the factors listed in Revised Code Section 3109.04(F)(1). "A trial court possesses broad discretion with respect to its determination of the allocation of parental rights and responsibilities, and its decision will not be overturned absent an abuse of discretion. *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, ¶ 26. "Thus, the trial court's determination will not be disturbed unless the court's attitude is unreasonable, arbitrary, or unconscionable." *Id*., citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9}    In its decree, the trial court explained that it had considered all of the factors set forth in Section 3109.04 and it made specific findings as to the factors that applied in this case. It found that the children had been living with Husband continuously for more than two years and that he had provided them with a safe, stable environment, proper daycare, and a neat and orderly home. It found that the children enjoyed living with him, that they were progressing well emotionally and behaviorally, and that Husband had facilitated and encouraged companionship time with Wife. It found that Husband had no history of physical, mental, or emotional difficulty and noted that the guardian ad litem had recommended that Husband be named the residential and custodial parent. On the other hand, it found that Wife had been evicted from two homes and had failed to follow through with the children's needs. It found that she was frequently late for visitation and that, because she had lost her driver's license for a time, Husband had shouldered most of transportation burden. It found that Wife had provided the children with no financial support, that she had a history of excessive self-medication, that she had acted erratically at home and at work, and that she had a history of sleeping excessively and of blaming others for her own shortcomings. It further found that, although Wife claimed to be disabled, she had not applied for any form of disability benefits and had made no effort to secure employment since being discharged from the military.

{¶10}  Wife argues that, although she did not have stable housing at the beginning of the case, it was because Husband did not help to support her.  She argues that Husband has moved just as many times as she has after their separation and that her housing situation has stabilized.  Wife argues that, if she missed any of the children's school conferences, it was because Husband did not tell her when they were scheduled.  She also argues that the only time she failed to return a child after her parenting time ended was when the child had a 104 degree fever and she thought it was better to keep her in Brunswick instead of driving her back to Columbus.  She also argues that she has made an effort to find employment and that there was no credible evidence that she has abused any prescription medications.  She also argues that Husband has left the children for weeks at a time because of his travel schedule.  She further argues that her relationship with the children is wonderful and that they were completely adjusted to living with her until Husband pulled them out of her house and kept them from her for two months without a court order.

{¶11}  This Court has carefully reviewed the record and concludes that, even if this Court accepts Wife's explanations for her actions, she did not demonstrate that Husband is not a suitable custodian of the children.  While he may travel out of town at times as part of his employment, the record indicates that he has provided proper child care during those intervals, including inviting Wife to stay at his home while he is away.  Accordingly, even if Wife would provide a suitable home for the children, we cannot say that the trial court abused its discretion when it designated Husband as the custodial parent.  Wife's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN SETTING OF THE CHILD SUPPORT AMOUNT AND MAKING SAME RETROACTIVE TO THE DATE OF FILING OF THE DATE OF COMPLAINT FOR DIVORCE AND BY ORDERING DEFENDANT BEAR THE COSTS OF VISITATION.

{¶12} Wife next argues that the trial court incorrectly imputed $33,000 in income to her and ordered her to pay child support based on that amount. The court found that Wife was voluntarily unemployed and that there was no reason she could not earn as much as she did in the military, which was $33,000. It, therefore, based its child support calculation on that amount.

{¶13} "In determining the appropriate level of child support, a trial court must calculate the gross income of the parents." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012–Ohio–252, ¶ 11. "Gross income" is "the total of all earned and unearned income from all sources during a calendar year." R.C. 3119.01(C)(7). A parent's total gross income figure will include any "potential income" that a trial court imputes upon a finding that the parent is voluntarily unemployed or underemployed. *Collins v. Collins*, 9th Dist. Wayne No. 10CA0004, 2011–Ohio–2087, ¶ 26, quoting R.C. 3119.01(C)(5)(b). The burden of proof is on the parent who is claiming that the other is voluntarily unemployed or underemployed. *Knouff v. Walsh-Stewart*, 9th Dist. Wayne No. 09CA0075, 2010-Ohio-4063, ¶ 27. This Court reviews a trial court's factual finding that a parent is voluntarily unemployed to determine if it was against the manifest weight of the evidence. *Kent v. Kent*, 9th Dist. Summit No. 25231, 2010–Ohio–6457, ¶ 10–12. The amount of potential income the court imputes once it finds voluntary unemployment, however, is a discretionary determination that this Court will not disturb on appeal absent an abuse of discretion. *Rock v. Cabral*, 67 Ohio St.3d 108 (1993), syllabus.

{¶14} Wife testified that, after she and Husband began having marital problems, a psychiatrist put her on convalescent leave so that she could avoid the stress of having to work with Husband. She said that she previously had been involved in a court case against the military, however, so one of her superiors used her leave as an opportunity to have her removed from the service by incorrectly listing her as absent without leave. Husband, on the other hand,

testified that Wife was incorrect about being placed on convalescent leave. He said that a psychiatrist put a different person in their office on convalescent leave for workplace stress and that Wife incorrectly thought that she could take the same leave. He testified that, after Wife stopped showing up to work, the military informed her numerous times that her convalescent leave was not valid and that she had to come back to work. He said he attempted to get Wife to go to work, but she refused and also started hiding when officers came to the house to serve her with notice of being absent without leave.

{¶15} Regarding her lack of employment after the military discharged her, Wife testified that she attempted to obtain unemployment benefits, but was unable because her superiors took too long to prepare her discharge papers. She also said that she had not been able to obtain work because she had spent so much time in Columbus watching the children for Husband while he was travelling for work. She also testified that she had been working to find a job in her field, but had not had any success yet.

{¶16} Husband submitted a copy of Wife's certificate of release or discharge from active duty, which indicated that she had been discharged for desertion and corroborated his testimony about her failing to go to work. Wife did not submit anything to support her testimony that she was placed on convalescent leave, that she was discharged in retaliation, or that she had been looking for a new job. We, therefore, conclude that the trial court did not lose its way when it found that Husband met his burden of demonstrating that Wife was voluntarily unemployed. It also did not abuse its discretion when it chose to impute Wife's prior salary to her.

{¶17} Wife also argues that the trial court incorrectly made the child support order retroactive to the date of Husband's complaint for divorce. There were no temporary orders entered in this case, however, and Husband testified that Wife had not provided the children with

any financial support since the beginning of the proceedings. While Husband admitted that Wife had cared for the children at his home while the divorce action was pending, we cannot say that the trial court abused its discretion when it made Wife's child support obligation retroactive to the date Husband filed for divorce.

{¶18} Wife further asserts that it was improper for the trial court to include Husband's child care costs in its child support computation. Because she has not developed an argument for why the inclusion of those costs was inappropriate, however, this Court will not address it. App. R. 16(A)(7). Wife's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

> THE TRIAL COURT ERRED IN NOT AWARDING ANY SPOUSAL SUPPORT TO THE DEFENDANT.

{¶1} Wife next argues that the trial court should have awarded her spousal support. Under Revised Code Section 3105.18(B), "[i]n divorce and legal separation proceedings, * * * the court of common pleas may award reasonable spousal support to either party." "In determining whether spousal support is appropriate and reasonable," the court shall consider the factors listed in Section 3105.18(C)(1)(a-n). R.C. 3105.18(C)(1). "This Court reviews a spousal support award under an abuse of discretion standard." *Hirt v. Hirt*, 9th Dist. Medina No. 03CA0110-M, 2004-Ohio-4318, ¶ 8.

{¶19} In its decision, the trial court made findings regarding each of the applicable Section 3105.18(C)(1) subsections. In particular, it found that, although Wife had testified about her health problems, she offered no other evidence to support her claim that she is disabled. It found that the parties had had a modest-lifestyle and that there was no justifiable reason that Wife could not earn $33,000 a year. It also found that the parties had been married less than six years.

**{¶20}** Upon review of the record, we conclude that the court appropriately considered each of the required factors under Section 3105.18(C)(1) and that it did not abuse its discretion when it denied Wife's request for spousal support. Wife's third assignment of error is overruled.

III.

**{¶21}** Wife's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

BELFANCE, P. J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶22}    Based on the record in this case and the limited, often unsupported arguments on appeal, I concur in the majority's judgment as I cannot say that the trial court abused its discretion. With respect to Wife's fourth assignment of error, I would conclude it is unnecessary to discuss whether there was evidence of extreme cruelty or gross neglect of duty. As there was sufficient evidence to support the trial court's finding that there were grounds for divorce based upon the parties living separate and apart for one year without cohabitation, *see* R.C. 3105.01(J), I would overrule Wife's fourth assignment of error on that basis; Wife has not demonstrated that the finding of additional grounds for divorce was prejudicial. *See Clark v. Clark,* 7th Dist. Noble No. 03 NO 308, 2004-Ohio-1577, ¶ 15 ("If granting the divorce was proper on one of the grounds, granting a divorce on additional other grounds would amount to nothing more than harmless error.").

<u>APPEARANCES:</u>

L. RAY JONES, Attorney at Law, for Appellant.

MARVIN PATTON III, pro se, Appellee.