[Cite as *Armbruster v. Armbruster*, 2020-Ohio-3833.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PAUL A. ARMBRUSTER

    Appellee

    v.

LISA M. ARMBRUSTER

    Appellant

C.A. No.     19CA011531

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16LU081901

DECISION AND JOURNAL ENTRY

Dated: July 27, 2020

HENSAL, Judge.

{¶1} Lisa Armbruster has appealed a judgment entry of divorce of the Lorain County Court of Common Pleas, Domestic Relations Division. For the following reasons, this Court affirms.

I.

{¶2} Paul and Lisa Armbruster married in 2013 and had a child together in 2014. In 2016, Father filed a complaint for legal separation and Mother counterclaimed for divorce. A trial began in 2017 but was continued to January 2018 because the parties wanted to attempt to reconcile. Although reconciliation did not succeed, the parties were able to come to an agreement on all aspects of the divorce except for the allocation of parental rights and responsibilities and child support.

{¶3} Both parties argued that they should be the child's legal custodian and the residential parent. Father's argument focused on the fact that Mother had misused a prescription

drug and had left the martial home abruptly on two occasions. He argued that he had provided a stable and secure environment for the child for almost two years while residing with his mother, which he planned to continue to do. Mother argued that one of the reasons she left the marital home was to receive treatment for her drug misuse and that she had been able to stop using the drug. She also argued that Father's work schedule prevented him from providing most of the child's care and that those responsibilities fell, instead, to his elderly mother. Mother argued that she had started working at a preschool, where she could enroll the child and had found a home to move into after the divorce was finalized.

{¶4} After reviewing the evidence, the trial court designated Father as the child's legal custodian and residential parent. Mother moved for a new trial, arguing that there were deficiencies in the judgment entry of divorce. She also filed a notice of appeal. This Court dismissed the appeal because the trial court had not entered a final decree of divorce. On remand, the trial court issued a nunc pro tunc judgment entry of divorce. It subsequently denied Mother's motion for new trial as moot. Mother has appealed the judgment entry of divorce and the denial of her motion for new trial, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ITS ALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES.

{¶5} Mother argues that the trial court incorrectly determined what was in the best interest of the child when it allocated parental rights and responsibilities. "When allocating parental rights and responsibilities, the court must take into account the best interest of the child[ ]." *Bentley v. Rojas*, 9th Dist. Lorain No. 10CA009776, 2010-Ohio-6243, ¶ 19, citing R.C.

3109.04(B)(1). In determining the best interest of a child for the purpose of allocating parental rights and responsibilities, a court must consider the factors listed in Revised Code Section 3109.04(F)(1). *Patton v. Hickling–Patton*, 9th Dist. Medina No. 13CA0071-M, 2014-Ohio-2862, ¶ 8. Those factors include: (1) the wishes of the child's parents; (2) the wishes of the child, if the court interviews the child; (3) the child's interaction and interrelationship with their parents, siblings, and anyone else who may significantly affect their best interest; (4) the child's adjustment to home, school, and community; (5) the mental and physical health of all persons involved; (6) the parent more likely to honor and facilitate court-approved parenting time rights; (7) whether either parent has failed to make child support payments; (8) whether either parent or any household member previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; (9) whether one of the parents subject to a shared parenting decree has continuously and willfully denied the other's right to parenting time; and (10) whether either parent has established a residence, or is planning to establish a residence, outside Ohio. R.C. 3109.04(F)(1)(a)-(j). The court must also consider any other relevant factors. R.C. 3109.04(F)(1).

{¶6} "A trial court possesses broad discretion with respect to its determination of the allocation of parental rights and responsibilities, and its decision will not be overturned absent an abuse of discretion." *Kokoski v. Kokoski*, 9th Dist. Lorain No. 12CA010202, 2013-Ohio-3567, ¶ 26. When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "[A] trial court's determination in custody matters 'should be accorded the utmost respect' because '[t]he knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record.'"

*Baxter v. Baxter*, 9th Dist. Lorain No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74 (1988).

{¶7} The trial court worked through each of the factors listed in Section 3109.04(F)(1). Mother does not challenge its findings under the first two factors. Both parties wished to be the child's custodian, and the court did not interview the child because of her young age. Regarding the child's interaction and interrelationship with those close to her, Mother argues that the child is bonded with all of her immediate family, but notes that the child has had limited time to spend with her half-brothers because the time that Mother has the child does not overlap much with the time that Mother has her other children. Mother also contends that Father has not been flexible in allowing the child to spend additional time with Mother while her half-brothers are with Mother.

{¶8} Mother also argues that the trial court incorrectly found that she abandoned the child while she lived with her ex-husband in Florida for a time. That is not exactly what the trial court found. In its discussion of the third factor, the court found that Mother had abandoned the child for a period of time. It also found that Mother had sought treatment in Michigan, which caused a disconnect to form between the child and Mother. Later, in explaining its conclusion, the court wrote that Mother had become addicted to a certain prescription drug and had abandoned the child, leaving her with Father. In the following sentence it wrote that Mother had also lived with her ex-husband in Florida for a period of time. Thus, the trial court did not find that Mother abandoned the child while she lived in Florida with her ex-husband. The abandonment language was actually related to Mother's misuse of a prescription drug.

{¶9} Mother correctly points out, however, that parts of the trial court's findings are not supported by the record. Father testified that, at some point in 2015, Mother left the marital home for two months to live at a condominium that she owned with her ex-husband. There is no evidence

whether Mother's ex-husband was also living in the condominium at the time. Mother testified that, when she was married to her ex-husband, they lived in Florida during the year 2004 or 2005. There is no indication that the condominium that she owned with her ex-husband in 2015 was located in Florida. Mother also testified that, when she was deciding where to seek treatment, she considered a facility in Florida. She ended up choosing one in Michigan to remain closer to the child. She did not, however, give much notice when she left for the facility. According to Father, he asked for her to wait to leave for a couple of hours so that he could pick up the child after his work shift. Mother did not wait but drove the child to a friend of hers in Michigan, who returned the child to Father at some point later.

{¶10} Although the trial court was mistaken about some aspects of what happened, it accurately found that Mother had left the child with Father on two separate occasions, only one of which was to attend in-patient treatment. Considering the abrupt nature of Mother's departures as well as the length of the absences and her lack of communication with the child during those time periods, the trial court's characterization of her actions as abandonment is not against the manifest weight of the evidence.[1] *See Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, ¶ 10 (9th Dist.); *Giovanni v. Bailey*, 9th Dist. Summit Nos. 28631, 28676, 2018-Ohio-369, ¶ 10.

{¶11} Regarding the child's adjustment to home, school, and the community, the trial court found that Father and his mother have created a structured, safe, and stable home environment for the child. It found that the child also has adjusted to Mother's home. Mother agrees that the child is well-adjusted to both homes and has been able to participate in many

---

[1] Though the use of the term "abandoned" is unfortunate as it has a legal definition in the Revised Code, it is clear that the court was using the word in general terms when referring to Mother's actions. While Mother's argument that she should not be punished for seeking medical treatment has merit, it ignores the testimony that she left the home and child abruptly at some point prior to entering treatment and without further explanation.

activities at the parties' respective churches. Mother notes that Father did not initially enroll the child in preschool, but that he had enrolled her in one by the time the parties resumed the divorce proceedings. She points out that, because she is a preschool teacher, the child and her can spend even more time together when the child is in her care. Mother also argues under this factor that, although she handles all of the child's care when the child is with her, it is actually Father's mother who wakes the child, cares for her most of the day, and puts her to sleep when she is in Father's care.

{¶12} Regarding the mental health of everyone involved in the situation, Mother argues that both parties have a history of substance abuse, pointing out that Father is an alcoholic who has been sober for 20 years. The trial court also found that Father exhibited temper issues with Mother. Mother admits that she misused a prescription that she was taking for a medical condition but contends that she sought in-patient treatment so that she could remedy the issue before it turned into an addiction. Mother argues that she has done well since she completed her treatment and has continued receiving out-patient therapy and attended workshops. According to Mother, she has not experienced any mental, emotional, or physical problems since leaving the facility that would prevent her from properly caring for the child.

{¶13} Regarding the honoring and facilitation of visitation and companionship rights, the trial court found that, even when Mother was estranged from her parents, Father made efforts to allow the child to see her maternal grandparents. Mother notes that Father was held in contempt one time for failing to comply with the parenting time order. She argues that the testimony also revealed that Father does not encourage parenting time between Mother and the child, having refused some of her requests for additional time. The trial court found credible, however, Father's testimony that he will accommodate Mother if her requests are reasonable. Mother also argues

that, when Father's mother had to go out of town, Father sought out friends to watch the child during his work hours instead of bringing the child to her. Mother testified that she always tries to facilitate and foster the child's relationship with Father.

{¶14} Regarding child support payments, Mother notes that there was no temporary child support order. The trial court found that Father had made all of his required temporary spousal support payments. Regarding criminal offenses that resulted in a child being abused or neglected, or any sexually-oriented offenses, the trial court found the factor inapplicable. Mother notes that Father was charged with domestic violence at one point, but the charges were dismissed because she did not appear to testify. Mother also alleges that there were other incidents of domestic violence in the household that the children from her prior marriage witnessed.

{¶15} Regarding whether the residential parent has continuously and willfully denied the other's right to parenting time, the trial court found the factor inapplicable, but Mother notes that Father was found in contempt on one occasion after the trial court issued its original judgment entry of divorce and before it issued its nunc pro tunc entry. Finally, regarding whether either party intended to relocate out of state, the trial court also found the factor inapplicable. Mother notes that Father testified that he filed his complaint because he feared that Mother might move to California, but there was no testimony or evidence to support that she intended to establish a residence out of state.

{¶16} According to Mother, she is in the best position to care for the child. She argues the only time she left the household for an extended time period was to seek in-patient care for a condition that was impairing her ability to care for the child. She also argues that she did not abandon the family during that time period and that Father even visited her twice at the facility and participated in family therapy sessions by telephone. Mother further argues that the testimony

reveals that, since receiving treatment, she has grown tremendously and has improved her relationship with the child and her extended family members. On the other hand, Father's work schedule prevents him from fully caring for the child. Mother argues that the testimony shows that it is Father's mother who primarily cares for the child throughout the day. She argues that the court failed to account for what would happen if Father's mother becomes unavailable. She further argues that the testimony established that, if something did happen to his mother, Father would not seek her assistance even though that would be in the child's best interest.

{¶17} Mother's argument does not account for some of the concerns that the court had about making her the custodian and residential parent. Regarding Mother's abrupt absences, Father's testimony that Mother left him and the child in 2015 to live at the condominium she owned with her ex-husband was not contested by Mother at trial and she did not offer any explanation for the departure. Further, although Mother explained the reason she went to the in-patient treatment facility in Michigan, her argument does not address the court's finding that the child, nevertheless, was traumatized by the departure, particularly the manner in which it was executed. She has not addressed the court's concern that she had only started working at her job a week before the trial began. She also has not addressed its concern that she had been living rent-free at a house that is owned by Father's father and would be moving to a new, unknown residence following the divorce.

{¶18} Upon review of the record, it appears that Father provided a stable, loving, structured environment to the child while Mother was struggling with and seeking treatment for her prescription drug misuse. He continued to do so after the parties' separation. Although Father's mother has provided much of the child's daily care, there were no serious concerns about her health or ability to do so. It is alleged that Father displayed anger in the past. The trial court

found that there were no recent issues regarding his inability to control his anger. Mother has not challenged that finding.

{¶19} As previously explained, this Court cannot substitute its judgment for that of the trial court. *Pons*, 66 Ohio St.3d at 621. After reviewing the criteria listed in Section 3109.04(F)(1), we cannot say that the trial court exercised improper discretion when it determined that it is in the best interest of the child for Father to be the child's legal custodian and residential parent. Mother's first assignment of error is overruled.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S MOTION FOR NEW TRIAL.

{¶20} Mother also argues that the trial court incorrectly denied her motion for new trial. "Depending upon the basis of the motion for a new trial, this Court will review a trial court's decision to grant or deny the motion under either a de novo or an abuse of discretion standard of review." *Calame v. Treece*, 9th Dist. Wayne No. 07CA0073, 2008-Ohio-4997, ¶ 13, citing *Rohde v. Farmer*, 23 Ohio St.2d 82 (1970), paragraphs one and two of the syllabus. "[W]hen the basis of the motion involves a question of law, the de novo standard of review applies, and when the basis of the motion involves the determination of an issue left to the trial court's discretion, the abuse of discretion standard applies." *Dragway 42, L.L.C. v. Kokosing Constr. Co., Inc.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 32.

{¶21} In her motion for new trial, Mother argued that she was entitled to a new trial because the trial court did not identify, attach, or otherwise incorporate the parties' separation agreement into the judgment entry of divorce. She also argued that the judgment failed to grant

the parties a divorce, state the grounds for the divorce, find that the parties' agreement was fair, just, and equitable, find that jurisdiction and venue were proper, state the effective date of the divorce, specify certain details related to spousal support payments, and address the court's continuing jurisdiction regarding spousal support. The trial court denied the motion because it determined that the issues Mother raised were rendered moot by its nunc pro tunc judgment entry.

{¶22} On appeal, Mother argues that she is entitled to a new trial because of irregularities in the proceedings and because the judgment entry is contrary to law and public policy. She argues that there were several irregularities in the proceedings, but the one on which she focuses her argument is that the trial court viewed her participation in mental health treatment as a rationalization for designating Father as the residential parent and legal custodian of the child. According to Mother, a parties' decision to seek substance abuse treatment should be encouraged and not condemned as abandonment. She argues that she made the decision to attend treatment in order to improve her health as well as the parties' marital relationship and that the trial court's decision will deter other individuals from seeking proper treatment.

{¶23} Mother did not argue in her motion for new trial that the trial court's judgment was irregular because it viewed her mental health treatment as a reason to grant custody to Father. Instead, her motion focused on procedural deficiencies in the judgment entry such as the court's failure to incorporate the parties' separation agreement. "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12; *Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 14. We, therefore, decline to address Mother's argument. Mother's second assignment of error is overruled.

III.

{¶24} Mother's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH G. STAFFORD and NICOLE A. CRUZ, Attorneys at Law, for Appellant.

JUSTIN C. MILLER, Attorney at Law, for Appellee.